OPINION OF THE COURT
Kaye, J.
After sentence has commenced, a court which has accepted a plea in violation of the Criminal Procedure Law may not vacate the illegal plea and reinstate the original charges.
Appellant was arraigned on a felony complaint charging first degree robbery and criminal use of a firearm in the first degree. According to the complaint, appellant, acting in concert with another person, “forcibly stole certain property” from the victim and “displayed what appeared to be a handgun.” The prosecutor moved to reduce the charges to the misdemeanor offenses of petit larceny and fourth degree weapon possession. The court and the prosecutor then accepted appellant’s plea of guilty to petit larceny in satisfaction of the charges. Appellant was immediately sentenced to nine months in jail and commenced serving his sentence.
*168 Two weeks later, the People moved to vacate appellant’s conviction on the ground that the charges had been reduced in violation of. CPL 180.50 (subd 2, par [b], cl [ii]), which prohibits reduction of an armed felony to a misdemeanor charge unless the court first determines that there was no reasonable cause to believe that the accused committed an armed felony. The court granted the motion and reinstated the original charges, noting that it had in fact made no inquiry as to whether the case involved an armed felony. Appellant thereafter commenced this article 78 proceeding seeking to prohibit further.prosecution on the felony charges and to have his original plea and sentence reinstated. The court denied the application and the Appellate Division affirmed.
Although acceptance of the plea was illegal, there exists no statutory authorization for the court to vacate the plea and sentence at the prosecutor’s request and reinstate the original charges. The District Attorney cited CPL 440.10 (subd 1, par [a])[1] and 440.40 (subd l)[2] in support of his application to vacate both the plea and the sentence. Neither provision empowered the court to grant the motion. CPL 440.10 (subd 1, par [a]) permits the court to vacate a judgment only upon motion of the defendant. CPL 440.40 (subd 1) allows the court to vacate a sentence for illegality on motion of the People within one year of its imposition. But here it is not claimed that the sentence was illegal, and in any event this section confers no power to set aside the plea and reinstate the original charges. Indeed, subdivision 5 of the same section specifies that an order entered pursuant to the People’s motion “does not affect the validity or status of the underlying conviction”. Nor does any other provision of the CPL enable the People to upset the plea.
Within the statutory framework, we have recognized the inherent power of a court to correct its own error in connection with accepting a plea or imposing sentence. In *169 People v Minaya (54 NY2d 360, cert den 455 US 1024), we upheld the court’s correction of a sentence where the record established that there had been patent clerical error in imposing the negotiated term. Again in People v Wright (56 NY2d 613), we recognized the inherent power of a court to correct its error in imposing sentence where the record showed that in sentencing the defendant to a concurrent, rather than consecutive, sentence, the Trial Judge had merely misspoken. In both Minaya and Wright, the corrections made after sentencing not only were evident from the record but also fully comported with the expectation of the court, the prosecutor and the defendant at the time sentence was imposed. In People v Bartley (47 NY2d 965), a plea which had been illegally accepted was vacated on the court’s inherent power, but that vacatur occurred prior to the imposition of sentence.
In no instance have we recognized a court’s inherent power to vacate, a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment. Indeed, by CPL 440.40 (subd 1) the Legislature has expressed its intent to place a time limit on the People’s right to challenge an illegal judgment, which would be vitiated by an undefined inherent power to correct errors, whenever evidenced, which do not even appear in the record.
There being no basis for the court’s vacatur of the plea, the original plea and sentence must be reinstated, and further criminal proceedings on the first felony charges are barred by double jeopardy protection. The order of the Appellate Division should be reversed and the petition granted, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order reversed, etc.

. CPL 440.10 (subd 1, par [a]) provides: “1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that: (a) The court did not have jurisdiction of the action or of the person of the defendant”.

. Under CPL 440.40 (subd 1), “At any time not more than one year after the entry of a judgment, the court in which it was entered may, upon motion of the people, set aside the sentence upon the ground that it was invalid as a matter of law.”