OPINION OF THE COURT
Eugene L. Nicandri, J.
This is¡ a motion pursuant to CPL 210.20 (3) to dismiss the indictment charging the defendant with a felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) on the ground that prosecution is barred by CPL 40.20.
facts
Defendant Donald F. Kurtz, presently 20 years old, was convicted of driving while intoxicated in City Court, City of Watertown in Jefferson County on May 24, 1985. He had earlier been convicted of driving while ability impaired in the Town of Watertown, Jefferson County, on November 26, 1984.
On July 13, 1985, the defendant was again arrested by New York State Trooper J. R. Laying in the Town of Waddington, St. Lawrence County, for driving while intoxicated, and an information accusing the defendant of felony driving while intoxicated was filed by said trooper in Justice Court, Town of Waddington. The defendant was taken before Town Justice Barkley in the Town of Waddington for arraignment on the felony driving while intoxicated information, entered a plea of not guilty, and released on bail.
On August 20, 1985, the defendant again appeared before *1099 Town Justice Barkley, after several adjournments granted to defendant to enable him to seek counsel. At the August 20, 1985 return date before the Town Justice, the defendant appeared without counsel, and there is no evidence that any lawyer ever appeared with defendant. Likewise the record is silent as to whether the defendant ever talked to an attorney about the most recent charge.
Defendant alleges in his moving papers that when he appeared in Justice Court, Waddington, on August 20, 1985, without counsel, he was informed by Justice Barkley that the sooner defendant took care of the pending charge, the better it would be for him and that he could do so by entering a plea of guilty in said Town Court. It is further alleged by defendant that Justice Barkley further informed him that in the event of a guilty plea, the fine would be $400, plus a $10 surcharge. The defendant entered a plea of guilty, was fined $400, plus a $10 surcharge, paid the money, and left.
Thereafter, on September 5, 1985, a St. Lawrence County Grand Jury reported an indictment charging defendant with felony driving while intoxicated, committed on July 13, 1985.
In an apparent exchange of correspondence between the District Attorney’s office and counsel for defendant, Assistant District Attorney Lake stated as follows: "The Judge apparently was aware of the previous conviction, but for reasons unknown to us, still accepted Mr. Kurtz’s plea.”
The People state in their affidavit in opposition that the prosecutor’s office first became aware defendant was charged with felony driving while intoxicated in the Town of Wadding-ton on July 13, 1985, when the appropriate papers were received by mail from the arresting officer on August 8, 1985. On August 24, 1985, four days after the Town Court accepted defendant’s plea, the District Attorney’s office became aware that the Town Court had illegally reduced the charge and the District Attorney states that Town Justice Barkley has since vacated the plea and sentence and that he possesses the Town Justice’s check payable to the defendant in the amount of $410.
LAW
A person "is prosecuted” for an offense, within the meaning of CPL 40.20, when he is charged therewith by an accusatory instrument filed in a court of this State and when the action either:
*1100 "(a) [terminates in a conviction upon a plea of guilty; or
"(b) [proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.” (CPL 40.30 [1].)
CPL 40.30 (2) states that
"[djespite the occurrence of [a] proceeding * * * specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of section 40.20, when:
"(a) [s]uch prosecution occurred in a court which lacked jurisdiction over the defendant or the offense; or
"(b) [s]uch prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense.”
The People claim the defendant’s motion should be denied in that defendant procured his prosecution by the local court, without the knowledge of the prosecutor, and his procurement was for the purpose of avoiding prosecution for a greater offense. Assuming that the defendant’s allegations as to the circumstances involved in his entering a plea are true, and there is no affidavit or affirmation from the local magistrate contradicting the same, it is apparent that the defendant’s plea of guilty and subsequent fine was procured by the local magistrate and not the defendant.
A Fourth Department case, People v Snyder (99 AD2d 83), sustained the dismissal of an indictment charging a defendant with driving while intoxicated (DWI) where the defendant having pleaded guilty to the underlying offense as a misdemeanor and thereafter a felony complaint having been filed when the arresting officer learned the defendant had prior DWI convictions. That court held the dismissal on double jeopardy grounds was proper, as there was no evidence that the defendant made any misrepresentation to the arresting officer, or did anything to induce that officer to charge him with a misdemeanor offense only. That case is distinguishable from the case here, in that in this case a felony information was filed with the local court in the first instance. Nonetheless, it supports the conclusion that absent any misrepresentation or fraud on the part of the defendant, the exception in CPL 40.30 (2) (b) is not applicable here. The question then remains as to whether or not such prosecution occurred in a *1101 court which lacks jurisdiction over the defendant or the offense (CPL 40.30 [2] [a]). The defendant cites the case of Matter of Campbell v Pesce (60 NY2d 165) as authority prohibiting the local magistrate from vacating the plea of guilty and the sentence imposed thereon after it was discovered that the charge had been reduced in violation of CPL 180.50 (2) (b) (ii). That statute states that a reduction of a charge can be made only after "inquiry” and only if the District Attorney consents thereto. Unlike Campbell (supra) cited by defendant, where the prosecutor participated in the error, it is obvious from the facts in this case that neither was an inquiry made, nor did the District Attorney consent to the reduction, or even know anything about it.
The Appellate Division, First Department, in a case which also distinguishes Campbell (supra) held: "[W]here the entry of a conviction is manifestly improper because the court lacked jurisdiction or because the defendant fraudulently procured a conviction to avoid prosecution for a more severe crime, the conviction can be nullified and the original charges restored without any regard to whether sentence was imposed or served”. (People ex rel. Leventhal v Warden, 102 AD2d 317, 322; emphasis added.)
Accordingly, since a felony information was filed in Justice Court, Town of Waddington, said court was without jurisdiction to accept a plea or to reduce the charge without the consent of the District Attorney and its action in doing so was a nullity. Therefore, defendant’s motion is denied.