OPINION OF THE COURT
Alexander, J.
On this appeal, we are again confronted with the issue of a court’s inherent power to vacate an illegally imposed plea and sentence once the criminal proceeding has terminated by the entry of judgment.
Pursuant to a plea bargain struck between his attorney and the People, the defendant who, along with a codefendant,[1] had been indicted for the crimes of robbery, second degree (Penal Law § 160.10) (two counts), assault, second degree (Penal Law § 120.05), and grand larceny, third degree (Penal Law § 155.35), withdrew his not guilty plea and entered a plea of guilty to attempted grand larceny, third degree (Penal Law §§ 110.00, 155.35), in full satisfaction of the indictment upon a promise of a sentence of 1 Vi to 3 years’ imprisonment.
At the time the plea bargain was agreed to and the guilty plea entered, all parties, the Judge, the Assistant District Attorney and defense counsel, believed that attempted grand *448 larceny, third degree, was a class E felony offense, and that since defendant was a predicate felony offender the shortest authorized indeterminate sentence that could be imposed was for a maximum of at least three years (see, Penal Law § 70.06 [3] [e]) and a minimum of one half the maximum, i.e., IV2 years (see, Penal Law § 70.06 [4] [b]). Thus, the plea bargain reflected the intention of all the parties to sentence defendant to the minimum indeterminate sentence for an E felony in full satisfaction of the indictment. As previously arranged, on July 29, 1987, another Judge, in the absence of the Judge before whom the plea had been taken, imposed the agreed upon sentence and defendant began serving his sentence.
On May 14, 1986, the date on which the crimes for which defendant had been indicted were committed, attempted grand larceny, third degree, was a class A misdemeanor (see, Penal Law § 110.05 [7]; former § 155.30) for which the maximum sentence was one year (see, Penal Law § 70.15); the Legislature’s reclassification of this crime as an E felony did not become effective until November 1, 1986 (L 1986, ch 515; see, Penal Law § 110.05 [6]; § 155.35). Neither the plea Judge, the sentencing Judge, the Assistant District Attorney nor defense counsel had been aware of this fact at the time of the plea and sentencing. The error was discovered, however, and defendant was returned before the plea Judge, who, in an effort to effectuate what had been the intent of the parties, proposed that defendant plead to grand larceny in the fourth degree, an E felony (see, Penal Law § 155.30) that would support the sentence agreed to and previously imposed. When defendant rejected the proposal and insisted upon being sentenced in accordance with his misdemeanor plea to attempted grand larceny, third degree, the court vacated the plea and set the matter down for trial on the indictment.
Thereafter, defendant commenced this article 78 proceeding, seeking to prohibit further prosecution on the felony charges, to have his original plea reinstated and to be resentenced as a misdemeanor offender. Following a stay of prosecution granted by one of its Justices, a divided Appellate Division, relying on our decision in Matter of Campbell v Pesce (60 NY2d 165), granted the application prohibiting respondents from pursuing further criminal proceedings against defendant-petitioner on the original indictment, reinstating the judgment of conviction of July 29, 1987 and remanding the matter to Supreme Court for resentencing. Leave to appeal to this court was granted to the People by the Appel *449 late Division and the question "Was the order of this Court, which reversed the order of the Supreme Court, properly made?” certified to us.[2]
The People argue to us that because all the parties believed that defendant was pleading to a crime to which a lawful felony level sentence could be imposed, whereas in fact he was only pleading to a misdemeanor offense, there was a mutual mistake of a material fact which the plea court could correct in the exercise of its inherent power "to conform the record to the truth”. They analogize to principles of contract law in support of their contention that because of this mutual mistake the plea bargain was voidable and therefore subject to vacatur. They contend further that because the sentence imposed upon defendant’s plea to what was in fact attempted grand larceny as a misdemeanor was not a lawful sentence imposed "in accordance with law”, CPL 430.10 posed no impediment to Supreme Court exercising its inherent common-law power to rectify the mistake. For the reasons that follow, we reject these arguments and affirm the judgment of the Appellate Division.
We begin our discussion by noting that the extraordinary remedy of prohibition is available under the circumstances of this case. Where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction, the extraordinary remedy of prohibition lies (see, Matter of Rush v Mordue, 68 NY2d 348, 352). Of course, where a court has the power to vacate the plea and sentence and restore the action to its prepleading status, further proceedings under the same accusatory instrument would not be barred (see, CPL 40.30 [3]; People v Bartley, 47 NY2d 965, 966). Because Supreme Court had neither statutory nor inherent power to vacate the plea and sentence in the circumstances of this case, however, prohibition is properly available and further prosecution on this indictment is barred since otherwise the defendant’s fundamental constitutional right against double jeopardy would be abridged (Matter of Rush v Mordue, 68 NY2d, at 354, supra; see, Matter of Campbell v Pesce, 60 NY2d 165, supra).
*450 No argument is made and indeed none can properly be made here that Supreme Court possessed any statutory power to vacate the plea and sentence and restore the original charges (see, CPL art 440; Matter of Campbell v Pesee, 60 NY2d, at 168, supra). Rather, the People argue that Supreme Court possessed "inherent power” to correct what was a mutual mistake.
The issue as to whether and to what extent a court has "inherent power” in respect to proceedings before it has been and continues to be a vexing problem. Although we have said that "[c]ourts traditionally have inherent power to vacate orders and judgments obtained by fraud or misrepresentation” (see Matter of Lockett v Juviler, 65 NY2d 182, 186) and have held that this power may be exercised in both civil cases (Furman v Furman, 153 NY 309, 314; Matter of Holden, 271 NY 212, 218) and criminal cases (Matter of Lyons v Goldstein, 290 NY 19, 25), we have made clear that a court has no "inherent power” in other situations such as would, e.g., enable it to dismiss a criminal proceeding for failure to prosecute (see, People v Douglass, 60 NY2d 194, 204-205). Additionally, we have held recently that a court which has accepted a plea in violation of the Criminal Procedure Law may not vacate the illegal plea and reinstate the original charges after sentence has commenced (Matter of Campbell v Pesce, 60 NY2d, at 167, supra). In doing so, however, we recognized and reaffirmed a court’s power, within the statutory framework, to correct its own error in connection with accepting a plea or imposing sentence. We have recognized such power in instances where the record demonstrates that the Judge merely misspoke in imposing sentence (People v Wright, 56 NY2d 613, 614; People v Minaya, 54 NY2d 360, 364, cert denied 455 US 1024) or it is clear from the record that a patent clerical error has been made in imposing sentence (People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 156). We noted in Matter of Campbell v Pesce, however, that "[i]n no instance have we recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has been terminated by the entry of judgment” (60 NY2d, at 169, supra; cf., People v Bartley, 47 NY2d 965, supra [illegally accepted plea vacated on court’s inherent power prior to imposition of sentence]).
The reliance by the People upon such cases as People ex rel. *451 Hirschberg v Orange County Ct. (271 NY 151, supra), Matter of Lyons v Goldstein (290 NY 19, supra) and Matter of Lockett v Juviler (65 NY2d 182, supra) in support of an assumed "inherent power”, derived from the common law, to "conform its records to the conceded or apparent facts” (People ex rel. Hirschberg v Orange County Ct., 271 NY, at 156, supra) or to "make them truthful” (Dalrymple v Williams, 63 NY 361, 362) is misplaced. Both Lyons and Lockett were concerned with the "inherent power of a court to set aside its judgment which was procured by fraud and misrepresentation” (Matter of Lyons v Goldstein, supra, at 25; see, Matter of Lockett v Juviler, supra, at 186).
In Lyons, we observed that such "inherent power * * * cannot be doubted”, and that any interpretation of the Code of Criminal Procedure or the Penal Law that would preclude granting a hearing on the merits to a defendant on a claim of fraud and misrepresentation "would be repugnant to the due process clauses” of the Federal and State Constitutions (290 NY, at 25, supra). In Lockett, in affirming the grant of the People’s motion to vacate a plea of lack of responsibility by reason of mental disease or defect (CPL 220.15), notwithstanding that no express statutory authority conferred such right upon the People (cf., CPL 220.60 [3]), we reaffirmed the court’s traditional inherent power to vacate orders and judgments obtained by fraud and misrepresentation other than intrinsic fraud such as perjury at trial (65 NY2d, at 186, supra). We observed that no principled reason precluded exercising this power at the behest of the People, as had previously been done on the application of the defendant, so long as there was no constitutional impediment to doing so (id., at 187).
Hirschberg (supra) and Dalrymple (supra) are equally inapposite since they both involved the power of the court to correct clerical errors in its records. In Hirschberg, we expressed our belief "that any court from its very nature as a court must have inherent power to conform its records to the conceded or apparent facts. Such a power relates, however, to clerical errors, mistakes in recording the true facts and should be exercised with great caution * * * [t]he proceedings which have taken place or the rulings and judgments which in fact have been given cannot thus be amended or changed” (271 NY, at 156, supra).
No basis exists here for the exercise of the court’s "inherent power” such as was invoked in Lyons, Lockett, Hirschberg or *452 Dalrymple. However, the Criminal Procedure Law recognizes illegality as a basis for setting aside a sentence. A criminal defendant may seek such relief at any time after the entry of judgment (CPL 440.20 [1]; see also, CPL 430.10). The People may also make such an application but must do so within one year after the entry of the judgment (CPL 440.40 [1]; see also, CPL 430.10). If the sentence is vacated under CPL 440.20 (1) or CPL 440.40 (1), however, the validity of the underlying conviction is unaffected and the defendant must be resentenced in accordance with law (see, CPL 440.20 [4]; 440.40 [5]).
In the case at bar, it appears that both the agreed to plea and sentence were illegal: the plea, because defendant, a predicate felon, was permitted to plead to what in fact was a misdemeanor offense in full satisfaction of the indictment in violation of CPL 220.10 (5) (c) and the sentence, because Supreme Court directed that defendant serve felony time for this misdemeanor plea (see, Penal Law § 70.15 [misdemeanor sentences shall not exceed one year]). Once defendant’s sentence was imposed and judgment was entered, however, his plea could not be disturbed based upon the parties’ mutual mistake since no statutory basis existed for setting aside such a plea and courts have no "inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment” (Matter of Campbell v Pesce, 60 NY2d, at 169, supra; cf., People v Bartley, 47 NY2d 965, supra). And while defendant’s sentence was assailable for illegality pursuant to the CPL, the proper curative course in the absence of defendant’s consent to do otherwise, was to impose a new sentence consistent as a matter of law with defendant’s misdemeanor plea (see, CPL 440.20 [4]).
In sum, because no statutory or other basis existed for Supreme Court’s vacatur of the judgment of conviction, the court acted in excess of its power. Additionally, any further criminal proceedings on the original charges are barred by petitioner’s constitutional right not to be twice put in jeopardy (see, Matter of Campbell v Pesce, 60 NY2d, at 169, supra; cf., People v Bartley, 47 NY2d, at 966-967, supra). Therefore, the Appellate Division properly reinstated the original plea and remanded the matter for resentencing of petitioner as a misdemeanor offender. Respondents’ other arguments have been considered and are without merit. Accordingly, the judg *453 ment of the Appellate Division should be affirmed and the certified question not answered as unnecessary.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, without costs. Certified question not answered as unnecessary.

. No appeal has been taken to this court from the Appellate Division dismissal without prejudice of the article 78 petition of the codefendant Kevin Burke, true name Burnice Campbell (see, 141 AD2d 319).

. Notwithstanding the pendency of further judicial action in the form of a remand for resentencing, the judgment appealed from is final because petitioner received the full relief sought in his article 78 petition (see, Inland Vale Farm Co. v Stergianopoulos, 65 NY2d 718, 719, n). Thus, the certified question should not be answered as unnecessary.