■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME SMALLS, Appellant.—Appeal by the defendant from a resentence of the County Court, Nassau County (Orenstein, J.), imposed February 23, 1989, as amended April 17, 1990, upon his conviction of robbery in the first degree (two counts), robbery in the third degree, attempted robbery in the third degree, and grand larceny in the fourth degree (three counts), upon his plea of guilty, the resentence being an indeterminate term of 3 to 9 years' imprisonment for each count of robbery

in the first degree, 2⅓ to 7 years' imprisonment for robbery in the third degree, 1⅓ to 4 years' imprisonment for attempted robbery in the third degree, and 1⅓ to 4 years' imprisonment for each count of grand larceny in the fourth degree, the sentence imposed on the second count of robbery in the first degree to run consecutive to the sentence imposed on the first count of robbery in the first degree, the sentence imposed for robbery in the third degree to run consecutive to the sentence imposed on the second count of robbery in the first degree, the sentence imposed for attempted robbery in the third degree to run consecutive to the sentence imposed for robbery in the third degree, and the sentence imposed on each count of grand larceny in the fourth degree to run concurrently to each other and concurrently to the sentence imposed on the first count of robbery in the first degree.

Ordered that the resentence, as amended, is modified, on the law, by deleting the provision that certain of the sentences shall run consecutively and substituting therefor a provision that all of the sentences shall run concurrently to one another; as so modified, the resentence is affirmed.

The court was without authority to vacate the sentence imposed February 24, 1988, upon the failure of the defendant to keep his promise to testify truthfully at the codefendant's trial (CPL 430.10; *Matter of Campbell v Pesce,* 60 NY2d 165; *see also, Matter of Kisloff v Covington,* 73 NY2d 445). The People's reliance on *Matter of Lockett v Juviler* (65 NY2d 182), is misplaced. That case merely reiterated the general principle that the courts possess the inherent power to vacate orders and judgments obtained by fraud or misrepresentation both in civil and in criminal cases. The action of the defendant herein did not come within this exception since a failure to perform a future act cannot be a predicate for a claim of fraud *(see, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159).

Accordingly, the resentence must be vacated and the original sentence, imposed February 24, 1988, reinstated to the extent that the original sentence provided that all sentences shall run concurrently to one another. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.