*451 OPINION OF THE COURT
Titone, J.
We have previously held that when a court has accepted a guilty plea and the defendant has begun to serve the resulting sentence, the court has no statutory or "inherent” authority to vacate the judgment at the People’s request, except in certain limited circumstances (see, Matter of Kisloff v Covington, 73 NY2d 445; Matter of Campbell v Pesce, 60 NY2d 165). In this case, we are asked to consider whether a different principle should be applied when the guilty plea was entered after the dismissal of one of the counts in a multicount indictment and the dismissal ruling has subsequently been reversed on the People’s appeal. In these circumstances, we hold that the well-established rule precluding vacatur of the plea remains applicable.
Defendant was charged with second degree murder, second degree manslaughter and six other counts in connection with an automobile accident in which a teen-age girl was killed and two others sustained serious physical injuries. On defendant’s motion, County Court dismissed the murder count for legal insufficiency. Thereafter, over the People’s opposition, County Court accepted defendant’s plea of guilty to the remaining indictment counts and sentenced her to seven concurrent terms of imprisonment.
Shortly after defendant’s plea was accepted, the People filed a notice of appeal from the County Court order dismissing the murder count. Some nine months later, after defendant had begun to serve her sentence, the Appellate Division reversed the County Court order and reinstated the murder charge for reasons not relevant to this appeal (142 AD2d 347). On reargument, the court declined to vacate defendant’s plea and sentence on the ground that such relief was not available in the context of the People’s interlocutory appeal (see, 153 AD2d 189, 191).
The People then applied to County Court for the same relief. The court, however, denied the People’s application and instead granted defendant’s cross motion to dismiss the reinstated murder count on the ground that double jeopardy principles barred further prosecution. The Appellate Division once again reversed, holding that, in view of the reinstatement of the highest count in the indictment and the People’s stated opposition to the plea, the action should have been *452 restored to the prepleading stage (citing CPL 220.10 [4]). We now reverse and reinstate the County Court order.
The initial — and most critical — question in this appeal is whether the trial court had authority to vacate the previously imposed plea and sentence at the People’s request. Absent such authority, the judgment entered upon defendant’s plea could not be reopened.
An examination of the Criminal Procedure Law reveals no statutory source of authority to undo the judgment in these circumstances. CPL 440.10 (1) (a) authorizes the court to entertain postjudgment motions by defendants to vacate on the ground that the court lacked jurisdiction, and CPL 440.40 provides for postjudgment motions by the People to set aside legally invalid sentences; however, there is no provision which confers the power to set aside a plea at the People’s behest (see, Matter of Campbell v Pesce, 60 NY2d 165, 168, supra).
Nor does the law recognize any inherent judicial authority to vacate the plea and restore the action to the prepleading stage under the facts presented here. We have previously held that the trial courts’ "inherent” authority may be used to vacate an illegally accepted plea before sentence is imposed (People v Bartley, 47 NY2d 965) and, in the absence of a specific constitutional impediment, to vacate a final criminal judgment on grounds of fraud or misrepresentation (Matter of Lockett v Juviler, 65 NY2d 182, 186-187 [on mot by People]; Matter of Lyons v Goldstein, 290 NY 19, 25 [on mot by defense]; see, Matter of Kisloff v Covington, supra, at 451). Additionally, although CPL 430.10 prohibits a court from altering a sentence once its "term or period * * * has commenced,” we have held that the court’s " 'inherent power to correct [its] records [in] relation] to mistakes, or errors, which may be termed clerical’ ” extends to correcting sentencing errors where the court merely misspoke or a patent clerical mistake has been made (People v Minaya, 54 NY2d 360, 364, cert denied 455 US 1024; People v Wright, 56 NY2d 613, 614; People ex rel. Hirschberg v Orange County Ct., 271 NY 151, 156; Dalrymple v Williams, 63 NY 361, 362; see, Matter of Kisloff v Covington, 73 NY2d 445, 450, supra; Matter of Campbell v Pesce, supra). However, as our recent case law makes clear, the limited "inherent authority” to vacate a plea after imposition of sentence may not be utilized to remedy a substantive legal error in the acceptance of the plea, at least after the defendant has begun serving his sentence.
*453 In Matter of Kisloff v Covington (supra), for example, we rejected the People’s postjudgment effort to vacate a plea that had been accepted at a time when all parties were laboring under the misimpression that the crime to which the defendant had pleaded was a class E felony when, in fact, it was a class A misdemeanor. As a result of the error, defendant’s request to be resentenced as a class A misdemeanant had to be granted, and the People were deprived of the benefit of the plea bargain to which they had agreed. Similarly, in Matter of Campbell v Pesce (supra), the plea that the trial court accepted was one that had resulted from an unlawful reduction of the indictment charges in violation of the armed felony restrictions in CPL 180.50 (2) (b) (ii). Nonetheless, despite this substantive error, this Court held that the trial court had no power to vacate the plea.
When these principles are applied to the facts in the present case, it becomes apparent that there must be a reversal. First, the trial court’s acceptance of defendant’s plea without the People’s consent simply cannot be characterized as error when viewed from the perspective of the only relevant time frame — the date of the plea’s entry. At that point, the top murder count had been dismissed and, whether properly or not, the indictment then consisted solely of the seven remaining counts. Defendant’s plea to those seven counts thus constituted a plea to the "entire indictment” and no prosecutorial consent was necessary (see, CPL 220.10 [2]).[1]
Moreover, it is clear from the case law that the court below had no statutory or "inherent” authority to vacate the judgment after defendant’s service of the sentence had com *454 menced. The claimed error was not a mere clerical matter (see, e.g., People v Wright, supra; People ex rel. Hirschberg v Orange County Ct., supra), and the judgment was not obtained by fraud or misrepresentation (see, Matter of Lockett v Juviler, supra). Indeed, the claimed error, if any, was no different in effect from the error in Matter of Campbell v Pesce (supra). In both instances, the trial court made a decision affecting the character of the indictment (in Campbell by reducing a count and in this case by dismissing a count), thereby enabling the defendant to enter a plea which would otherwise have been impermissible. Just as the error in reducing the count without conducting a CPL 180.50 (2) (b) (ii) inquiry was not a proper ground for undoing the resulting plea, the court’s error in dismissing the top count of the indictment in this case does not furnish a basis for vacating this defendant’s plea and sentence.[2]
The efforts of the Appellate Division majority, and of the dissent here, to avoid the effect of our recent case law by invoking the concept of a "conditional” or "contingent” plea are unavailing. There is simply no authority, statutory or otherwise, to support recognition of such a legal fiction in this context. Furthermore, the suggested approach, which would apparently treat defendant’s plea as a nullity nunc pro tunc as a consequence of the subsequent intermediate appellate reversal, is in conflict with Kisloff and Campbell, as well with CPL 430.10 (precluding alteration of sentence after its commencement).
Indeed, the distinction between the arguments rejected in those cases and the "conditional plea” notion advanced here is more a matter of semantics than substance. Characterizing a plea as "conditional” or "contingent,” as the court below and the dissent here advocate, is merely another way of saying that the plea is subject to vacatur upon the occurrence of a condition subsequent, namely a subsequently made determination that its acceptance was, in part, the product of a legal error. We have already held that, once the sentence has been imposed and the defendant has begun to serve it, a guilty plea *455 is final and not subject to defeasance upon a trial court’s determination of prior legal error made on a postjudgment motion by the People (Matter of Kisloff v Covington, supra; Matter of Campbell v Pesce, supra). Since the distinction is not analytically significant, the outcome must be the same in this case, and the plea must be treated as impervious to defeasance, where the subsequent determination of error was made by an intermediate appellate court on the People’s appeal.
Finally, County Court properly granted defendant’s cross motion to dismiss the second degree murder count a second time, since "any further criminal proceedings on the original charges [we]re barred by [defendant’s] constitutional right not to be twice placed in jeopardy” (Matter of Kisloff v Covington, supra, at 452; accord, Matter of Campbell v Pesce, supra, at 169). The dissent’s reference to "restoring the case to its prepleading stage” (dissenting opn, at 457, citing CPL 40.30 [3]) does not aid the analysis of the double jeopardy issue. Reprosecuting a defendant after the case has proceeded to judgment always involves restoring the matter to the prepleading stage. It thus begs the question to observe that the Appellate Division’s reversal, if given full effect, would have resulted in the vacatur of the judgment and the restoration of the case to the prepleading stage. Regardless of how the problem is formulated, the salient issue remains whether the Due Process Clause of the Federal Constitution permits that result. In this instance, since the criminal proceeding had ultimately terminated in a final judgment against defendant and, "[t]here [was] no basis for * * * vacatur of the plea” following the People’s appeal, the Double Jeopardy Clause of the United States Constitution precludes the revival of the accusatory instrument and prohibits defendant’s reprosecution, notwithstanding CPL 40.30 (3) (Matter of Campbell v Pesce, supra, at 169; cf., People v Bartley, supra [permitting vacatur of illegally accepted plea prior to imposition of sentence]; see also, People v Mayo, 48 NY2d 245).
In response to the policy concerns raised by the dissent here and the majority in the court below, we note only that their fear of frustrating the People’s right to appeal pursuant to CPL 450.20 (1) is, at best, exaggerated. Although a stay was unavailable to the People in these circumstances (see, CPL 460.50; cf., CPL 210.20 [6] [c]), they could have at least attempted to preserve their rights by requesting a presentencing adjournment pending disposition of their interlocutory appeal (see also, CPL 30.30 [4] [a]). The fact that the Legislature has *456 recently provided for a stay pending the People’s appeal when the trial court has modified an indictment pursuant to the newly enacted CPL 210.20 (1-a) (see, CPL 450.20 [1-a]) while making no similar provision in the case of the traditional CPL 450.20 (1) appeal from an order dismissing an indictment count suggests that the concerns articulated by the dissent are not shared by the legislative branch of our State government.[3]
Accordingly, the order of the Appellate Division should be reversed and the order of County Court reinstated.

. CPL 220.10 (2) provides that a defendant may as a matter of right enter a plea of "guilty” to the entire indictment. The dissent seems to be arguing that the term "entire indictment,” as used in this statute, means the indictment in the form handed up by the Grand Jury, without any subsequent judicial modifications. Under the dissent’s view, it would appear that a defendant can never plead guilty as a matter of right and without the People’s consent to anything less than the full set of counts charged by the Grand Jury. However, this view fails to take into account the numerous circumstances in which indictments handed up by a Grand Jury require modification because of overcharging, misjoinder, duplicativeness and other legal errors. In these circumstances, the approach advanced by the dissent would, in essence, place the defendant in the position of having to choose between pleading to defective or unsupported counts or sacrificing his right to plead guilty without prosecutorial consent. Such a result is unacceptable because it would unnecessarily hamstring the trial court and give the prosecutor an unfair degree of control over the pleading process.

. Similarly, the dissent’s repeated assertion that this case is different from Kisloff and Campbell in that the plea in this case was accepted without the People’s consent is unpersuasive. Even if we were to adopt the dissent’s premise that this acceptance was error, no explanation is offered as to why such an "error” should be treated differently from the substantive pleading errors that occurred in Campbell and Kisloff and were deemed insufficient in those cases to permit the court to unwind the plea.

. We intimate no view as to the proper outcome in analogous cases involving appeals from CPL 210.20 (1-a) rulings, except to note that, in such instances, the statute expressly makes a stay available to the People (see, CPL 210.20 [6] [c]).