■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY M. DONNELLY, Respondent.—Mercure, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered February 26, 1991, which granted defendant's motion to dismiss the indictment.

As the result of a May 12, 1990 incident, felony complaints were filed in the Village Court of the Village of Massena, St. Lawrence County, charging defendant with felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. By letter to defendant dated May 18, 1990, the District Attorney offered misdemeanor pleas to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree as a disposition of the charges. The letter provided that if the proposal was acceptable, defendant was, within 15 days, to sign and return an enclosed agreement to enter pleas to the specified misdemeanors upon recommendation of the District Attorney. Rather than respond to the letter, defendant appeared in Village Court with his attorney on May 22, 1990 and entered pleas of guilty in accordance with the proposal. On December 20, 1990, following his arrest on a bench warrant, defendant was sentenced to concurrent jail terms of 180 days and began serving his sentence. Apparently unaware of the disposition of the felony charges, in July 1990 the District Attorney presented the matter to a Grand Jury, which indicted defendant for felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. Following arraignment in County Court in January 1991, defendant moved to dismiss the indictment on double jeopardy grounds. Ultimately, County Court granted the motion upon constraint of *People v Moquin* (77 NY2d 449). The People appeal.

There should be an affirmance. Even if we were to accept the contention of the People, credited by County Court, that the May 18, 1990 letter constituted a mere "proposal" and that defendant's pleas were illegally entered without the consent of the District Attorney, the fact remains that County Court lacked the power to vacate Village Court's judgment of conviction. Initially, there is no statutory authority for the vacatur of a plea and sentence at the behest of the People *(see, Matter of Campbell v Pesce,* 60 NY2d 165, 168), and a court's inherent authority to correct its own error in connection with accepting a plea or imposing sentence may not be exercised by another court. Furthermore, it is now well settled that, after imposition of sentence and absent the consent of the defendant, a court may not vacate a guilty plea in order to remedy a substantive legal error in its acceptance, "at least after the defendant has begun serving his sentence" *(People v Moquin, supra,* at 452; *see, Matter of Kisloff v Covington,* 73 NY2d 445, 450; *Matter of Campbell v Pesce, supra).* Accordingly, double jeopardy principles barred the subsequent prosecution in County Court *(see, Matter of Kisloff v Covington, supra,* at 452; *Matter of Campbell v Pesce, supra,* at 169).

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed.