OPINION OF THE COURT
Allan L. Winick, J.
This is a motion by the defendant, through his attorney, for an order pursuant to CPL 440.20 setting aside the sentence *779 imposed upon him on August 20, 1990, upon the ground that said sentence is invalid as a matter of law. In addition, the defendant requests that the action be removed to Family Court for disposition in accordance with CPL article 725. The People oppose the motion.
PROCEDURAL HISTORY
The defendant, a 14-year-old juvenile at the time of the commission of the crime, was originally charged with robbery in the first degree. After plea negotiations, the defendant, on June 27, 1990, pleaded guilty to attempted robbery in the second degree. On August 20, 1990, the defendant was sentenced, in accordance with the plea agreement, to time served and five years’ probation. At the same time, the court vacated the defendant’s conviction and adjudicated him a youthful offender.
CONTENTIONS
The defendant now asserts that since the charge to which he pleaded guilty was not one for which he was criminally responsible because of infancy, i.e., it was not a designated felony offense (Penal Law § 10.00 [18]; § 30.00; CPL 220.10 [5] [g]) it requires that the action be treated as a juvenile delinquency fact determination and removed to Family Court for disposition. The defendant is emphatic in stressing that he is contesting the validity of the sentence only and not the validity of the plea.
DECISION
Based upon the reasons that follow, the defendant’s motion is granted. The sentence imposed by this court is vacated and the action is to be removed to the Family Court for disposition.
APPLICABLE LAW
CPL 220.10 (5) (g) (ii) and (iii) require that when the defendant is a 14 or 15 year old, a juvenile, and not charged with murder in the second degree he may plead guilty to a crime for which he is criminally responsible. Alternatively, if the District Attorney submits a subscribed memorandum recommending that, in the interests of justice, the action should be removed to Family Court, the defendant may plead guilty to a *780 crime for which he is not criminally responsible. After acceptance of the plea, the court must specify the portions of the District Attorney’s statement on which it relies. The plea is then deemed to be a juvenile delinquency fact determination and the action thereafter must be removed to Family Court.
In the instant case, the original charge against the defendant, robbery in the first degree was a crime for which he was legally responsible. (Penal Law § 30.00.) However, the crime to which the defendant and the Assistant District Attorney negotiated a plea and the defendant ultimately pleaded guilty, attempted robbery in the second degree, was not one for which he was legally responsible.
Following the statutory requirements established in CPL 220.10 (5) (g) (ii) and (iii), a subscribed memorandum from the District Attorney is required in order to permit the defendant to plead guilty to attempted robbery in the second degree. No such written statement was actually submitted.
It has been established in this State that once sentence is imposed and judgment entered, absent consent from the defendant, a plea may not be disturbed based on the parties’ mutual mistake. A judgment which is defined in CPL 1.20 (15) as comprising a conviction and its sentence is completed by imposition and entry of sentence. No statutory authority exists which allows the court to vacate the judgment (plea and sentence) and restore the original charges in such circumstances. (See, CPL art 440; Matter of Campbell v Pesce, 60 NY2d 165, 168 [1983]; Matter of Kisloff v Covington, 73 NY2d 445, 450 [1989].)
Conversely, in instances where there is only a conviction, i.e., the entry of a plea of guilty or a verdict of guilty (CPL 1.20 [13]), the court may properly vacate an improper guilty plea and restore the case to its original preplea status. (People v Bartley, 47 NY2d 965 [1979].)
The court has no inherent power to vacate a plea and sentence over objection by the defendant except in cases of mere clerical errors, apparent on the record. (Matter of Kisloff v Covington, supra.) After judgment has been entered, and where the defendant does not consent to have his plea vacated, the proper curative course is to impose a new sentence consistent with the defendant’s plea. (Matter of Kisloff v Covington, supra.)
Clearly, in the instant case, without a written memorandum by the District Attorney, defendant’s plea to a crime for which *781 he is not criminally responsible was improper under the statutory framework established in CPL 220.10. His sentence, while technically a proper one for an adjudication as a youthful offender, was improper because after a plea to a nondesignated felony, it is required that the action be removed to Family Court and that the defendant not be sentenced in County Court. Now, since judgment has already been entered (indeed, the defendant has already completed more than two years of his probationary sentence) and the defendant does not consent to have his plea vacated, the court must proceed in a manner consistent with that plea, i.e., removal to Family Court.
Herein lies the court’s dilemma. The removal to Family Court is mandated after a juvenile pleads to a crime for which he is not criminally responsible. The court, in deciding that the interest of justice would be served by the removal (CPL 220.10 [5] [g] [iii]) relies on the written memorandum of the District Attorney. Since such a memorandum was not actually submitted by the prosecutor, what is the court to do?
The court finds that it must deem the required memorandum to have been submitted by the District Attorney’s office. The defendant’s plea in this case was negotiated between the parties. If the District Attorney’s office felt that it could not recommend removal to Family Court, an offer to have the defendant plead to a crime for which he is not criminally responsible should not have been made and consented to without objection. Since this court is mandated to proceed in accordance with the statute (CPL 220.10), the District Attorney cannot at this juncture be permitted to thwart the required procedure by erecting what it considers to be an insurmountable obstacle. Having proposed at the plea that defendant be permitted to enter a plea to attempted robbery, second degree, the prosecutor must now abide by that decision. Therefore, the court having deemed the required memorandum to have been submitted by the District Attorney, relies on said statement. The court believes that the interests of justice would best be served by removal of the proceeding to Family Court. The defendant’s plea to attempted robbery in the second degree is deemed to be a juvenile delinquency fact determination. Further, the court directs that the action be removed to Family Court in accordance with the provisions of CPL article 725.
The defendant’s motion is granted.