■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR MITICH, Respondent. [611 NYS2d 71] —Order unanimously affirmed. Memorandum: Defendant was charged with two counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. On June 17, 1993, County Court granted defendant's motion to dismiss the two sexual abuse counts for legal insufficiency. On June 28, 1993, defendant pleaded guilty to the remaining counts in the indictment. On July 2, 1993, the People filed a notice of appeal from County Court's order dismissing the sexual abuse counts. On July 12, 1993, defendant was sentenced to consecutive one-year terms of imprisonment on each of the remaining counts, and he has commenced serving his sentence.

We affirm without reaching the propriety of County Court's dismissal of the two sexual abuse counts. Even assuming that the dismissal of those counts was improper, reversal of County Court's order could not provide a basis for vacatur of defendant's plea or reinstatement of the dismissed counts. Although a court has the inherent authority to vacate an illegally accepted plea before sentence is imposed, such limited authority "may not be utilized to remedy a substantive legal error in the acceptance of the plea, at least after the defendant has begun serving his sentence" (People v Moquin, 77 NY2d 449, 452; see, Matter of Campbell v Pesce, 60 NY2d 165, 168-169). Similarly, defendant's plea may not be set aside upon the application of the People (see, Matter of Campbell v Pesce, supra, at 168). Further, "since the criminal proceeding had ultimately terminated in a final judgment against defendant * * * the Double Jeopardy Clause of the United States Constitution precludes the revival of the accusatory instrument" (People v Moquin, supra, at 455). (Appeal from Order of Wayne County Court, Strobridge, J.—Dismiss Indictment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.