OPINION OF THE COURT
Marvin I. Goodman, J.
Defendant, pro se, brings the instant duplicitous applications to proceed as a poor person and to set aside his sentence pursuant to CPL 440.20 on the grounds that it was illegally imposed. Defendant, under indictment number 80787, pleaded guilty to criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), a class D felony. On November 13, 1992, *398 he was sentenced as a second felony offender to a term of two to four years’ incarceration.
Defendant maintains that included in the plea agreement was a promise that the sentence imposed would run concurrently to a sentence he was presently serving on another conviction. Instead his sentences ran consecutively, thus violating the plea agreement and rendering the sentence illegal within the meaning of CPL 440.20.
The People oppose defendant’s application, arguing that since defendant’s consecutive sentence is one authorized by law and a concurrent sentence is not, it should not be disturbed.
Upon a review of both the plea and sentence minutes of October 8, 1992 and November 13, 1992 it is clear that defendant was promised his sentences would run concurrently to the time he was presently serving. Instead, he was sentenced to two to four years’ incarceration, as reflected in his certificate of commitment, and by operation of law his time was automatically computed as consecutive incarcerations. (See, Penal Law § 70.25 [2-a].)
Case law in this area generally divides into two types of situations: (1) where both the plea agreement and the actual sentence are not authorized by law, and (2) while the actual plea is legal, an unauthorized or illegal sentence is imposed. (See, People v Cameron, 83 NY2d 838; Matter of Campbell v Pesce, 60 NY2d 165; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 440.20, at 558.) In the case at bar, defendant’s plea, i.e., to criminal sale of a controlled substance in the fifth degree in satisfaction of an indictment charging both criminal sale and possession of a controlled substance in the third degree, was one authorized by law, as was his two to four years’ consecutive sentence.
The question to be addressed, therefore, is whether or not this court has the inherent power to amend a sentence when the sentence imposed, while technically legal, is in contravention of the agreement reached by the parties which, by mutual mistake, was a sentence unauthorized by law. This court concludes that it does.
In Matter of Kisloff v Covington (73 NY2d 445), involving a CPLR article 78 proceeding, the Court of Appeals faced a similar issue. The Court held that once a proceeding has been terminated by the entry of judgment, courts have no inherent power to vacate a plea and sentence over defendant’s objection, *399 even if it was based upon the parties’ mutual mistake. To vacate the initial plea would be a violation of defendant’s constitutional right not to be twice put in jeopardy. Therefore, defendant’s plea may not be disturbed.
The sentence, however, is another matter and is not constrained by double jeopardy rules as long as the defendant does not object.
While there appears to be no case law on the subject and no statute which governs this situation, the Legislature has seen fit to afford flexibility of discretion in sentences involving the commission of a violent felony offense while out on bail and when the imprisonment imposed on a prior conviction was by court of another jurisdiction. (Penal Law § 70.25 [2-b]; § 70.25 [4].)
Furthermore, in People v Garcia (84 NY2d 336), the Court of Appeals broached the subject of competing tensions between legislative intent and sentencing discretion by the courts and decided against a strict statutory interpretation.
Using the above as a guide in rendering a decision in the instant matter and faced with the conundrum of a nondiscretionary sentencing statute and the lack of inherent power to vacate the plea, this court determines that, in the interest of justice, defendant’s sentence may be amended to concurrent time in keeping with the clear intent of the sentencing court. (People v Minaya, 54 NY2d 360.)
Therefore, it is the order of this court that defendant’s sentence imposed on November 13, 1992 be amended to reflect that the indeterminate sentence of from two to four years is to run concurrently to indictment number 65896.