OPINION OF THE COURT
Alan D. Marrus, J.
The issue presented is one of first impression under New York’s statutory death penalty provisions. Pursuant to CPL *532 250.40 (2), the District Attorney has 120 days from the date of the defendant’s arraignment on an indictment charging murder in the first degree to serve and file a written notice of intention to seek the death penalty. This period of time can be extended “for good cause shown” (CPL 250.40 [2]). Where, as here, the court has dismissed all murder in the first degree counts before the time for filing the notice of intention to seek the death penalty has expired and the District Attorney appeals the dismissal, is the time period to file the notice tolled until the murder in the first degree charges are reinstated? This court holds that the time period is tolled.
Once the highest count in an indictment is murder in the second degree, there is no basis in law or logic for a District Attorney to elect to seek a penalty, death, which is not authorized for the crimes remaining in the indictment. The language of the relevant statutes and the reasoning behind them compel this determination.
The defendant contends that although this court has dismissed all charges of murder in the first degree, the taking of an appeal by the District Attorney stays the order of dismissal, thereby leaving the murder in the first degree counts still in effect. Indeed, the taking of the appeal “stays the effect of such order.” (CPL 460.40 [2] [emphasis added].) The clear intent of this statutory language is to prevent the defendant from pleading guilty to the remaining counts in the indictment while the District Attorney pursues his appeal from the order dismissing the counts of murder in the first degree. (Cf., People v Moquin, 77 NY2d 449 [1991].) Nothing in the statutory language staying the “effect” of the court order suggests that the dismissed counts remain in effect. It is the effect of the order that is stayed, not the order itself. Thus, any time period which runs from an arraignment charging murder in the first degree ceases when that charge no longer exists in that indictment.
It defies common sense, moreover, to require the District Attorney to make a hypothetical decision on what amounts to a life or death decision. The defendant is essentially asking the District Attorney to file a notice of intention to seek the death penalty if the murder in the first degree counts are reinstated by an appellate court.
Adhering to the defendant’s position would compel the District Attorney to decide well in advance of the appellate determination, likely foreclosing review of subsequent and significant circumstances regarding the defendant’s background and *533 status, and possibly impel the District Attorney to elect to file the notice seeking death as a prophylactic device. It ill behooves a defendant in a capital case to seek a construction of the death penalty statutes which might encourage, rather than discourage, a District Attorney to declare publicly an intention to seek the death penalty. This concern is grounded in the statutory provision that permits the withdrawal of the notice at any time after it is filed and served. (CPL 250.40 [4].)
Even assuming the time period was not tolled when the charges of murder in the first degree were dismissed, “good cause” exists to extend the time for filing from the date of dismissal until the date of any subsequent reinstatement of these charges. The resources of the District Attorney, the defense and the court for capital cases should be limited to capital cases. This court has determined that this is not a capital case. “Good cause” exists to suspend the investigation into the propriety of a death penalty which precedes the filing of the notice of intention to seek the death penalty.
In this case the defendant was arraigned on an indictment charging murder in the first degree on April 9, 1998. On May 28, 1998, 49 days later, all murder in the first degree counts were dismissed. If any of these counts are ever reinstated, the time for filing a notice of intention to seek the death penalty will resume from the date of the reinstatement, with 49 days chargeable to the District Attorney.