OPINION OF THE COURT
Nicholas Iacovetta, J.
*76 Defendant was indicted for the crimes of criminal possession of a controlled substance in the first degree, Penal Law § 220.21, a class A-I felony, and criminal possession of a controlled substance in the third degree, Penal Law § 220.16, a class B felony.
On May 11, 1999 the defendant pleaded guilty to the second count, criminal possession of a controlled substance in the third degree, in full satisfaction of the indictment.
The Justice who accepted the plea, now retired, promised the defendant that he would receive an indeterminate sentence of 8V3 to 25 years unless he complied with the terms of a cooperation agreement which the defendant, his attorney and the prosecutor had previously signed. If he complied with the agreement, the defendant was promised that he could withdraw his plea and replead to a class D felony and receive an indeterminate sentence of one to three years or even less if his cooperation warranted such treatment.
When the parties appeared before the court for sentencing on March 16, 1999, the People requested that the court impose an indeterminate sentence of 8⅓ to 25 years because the defendant violated the plea agreement by failing to provide any cooperation. The defendant argued that the plea agreement entitled him to receive an indeterminate sentence of one to three years.
Normally, the court, in the absence of agreement between the parties, would order a hearing to determine the extent, if any, of the defendant’s cooperation, before it decided on an appropriate sentence. Here, however, that is not necessary because the original plea to a class B felony was illegal.
The CPL requires that when an indictment, as it does here, charges one of the class A-I felonies defined in article 220 of the Penal Law, any plea to less than the entire indictment, except in the case of an eligible youth as defined in CPL 720.10 (2), which does not apply to this defendant, must include at least a plea to a class A-II felony (CPL 220.10 [3], [4], [5] [a] [i]).
The statutory limitations imposed on plea bargaining by CPL 220.10 (5) were enacted by the Legislature to prevent the People from consenting to, and the court approving pleas to, lesser offenses in certain selected cases (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 220.10, at 12). The lowest indeterminate term of imprisonment allowable for sentence on a class A-II felony conviction is three years to life (Penal Law § 70.00 [2] [a]; [3] [a] [ii]).
*77 A trial court in a criminal action generally lacks inherent authority to vacate an illegal plea bargain once a final criminal judgment is entered which occurs after the' imposition of sentence (see, People v Moquin, 77 NY2d 449; Matter of Kisloff v Covington, 73 NY2d 445; Matter of Campbell v Pesce, 60 NY2d 165; CPL 1.20 [15]).
An exception exists in cases where the plea is procured through fraud or misrepresentation and there is no specific constitutional impediment which prevents the court from vacating the plea (see, Matter of Lockett v Juviler, 65 NY2d 182, 186-187; Matter of Lyons v Goldstein, 290 NY 19, 25).
A court also does not have inherent authority to alter a sentence once its term has commenced except in cases where the court merely misspoke or a patent clerical mistake was made (see, People v Minaya, 54 NY2d 360, 364, cert denied 455 US 1024; People v Wright, 56 NY2d 613, 614; CPL 430.10).
A trial court, however, has inherent authority to vacate an illegally accepted plea before sentence is imposed once the error is brought to its attention (see, Matter of Van Leer-Greenberg v Massaro, 87 NY2d 996; People v Bartley, 47 NY2d 965).
The class A-I felony charged in the indictment was not dismissed before the plea to the class B felony was entered in violation of CPL 220.10 (5) (a) (i) (compare, People v Moquin, supra, at 453 [where, in an analogous situation, Court held that plea to remaining counts of indictment over the People’s objection did not violate CPL 220.10 (2) because the top murder count had been dismissed for facial insufficiency and, whether properly or not, the indictment then consisted solely of the seven remaining counts; hence, no prosecutorial consent was necessary to a plea to the entire indictment]).
The court, therefore, exercises its inherent discretion to vacate the defendant’s plea to criminal possession of a controlled substance in the third degree, Penal Law § 220.16, because it violates CPL 220.10 (5) (a) (i), thereby rendering it illegal.