■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY MARACLE, Appellant. (Appeal No. 1.) [874 NYS2d 836]—Appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), rendered March 29, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY MARACLE, Appellant. (Appeal No. 2.) [875 NYS2d 694]—

Appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), rendered November 27, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Niagara County, for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a 2007 judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). In appeal No. 2, defendant appeals from a 2006 judgment convicting him, upon his plea of guilty, of the same

count of attempted burglary in the second degree as in appeal No. 1 (§§ 110.00, 140.25 [2]).

Addressing first the judgment in appeal No. 2, we reject the contention of the People that defendant's appeal from that judgment is moot. Following the entry of that judgment, Supreme Court purported to grant defendant's motion to withdraw the plea underlying the judgment. Defendant's motion to withdraw the plea was made after sentence had been imposed, however, and the court therefore lacked the authority to grant the motion (*see* CPL 220.60 [3]; *People v Louree*, 8 NY3d 541, 546 [2007]). Thus, the 2006 judgment remains in effect. Although defendant failed to preserve for our review his contention that the judgment in appeal No. 2 must be reversed and the plea vacated on the ground that he was not advised of the mandatory period of postrelease supervision, we nevertheless agree with defendant that reversal is required (*see Louree*, 8 NY3d at 544-545; *People v Catu*, 4 NY3d 242, 245 [2005]). Contrary to the People's contention, it is well settled that a challenge to the court's failure to advise a defendant of the mandatory period of postrelease supervision need not be preserved for our review (*see Louree*, 8 NY3d at 545-546).

With respect to the judgment in appeal No. 1, we conclude that the 2007 judgment must be reversed and the plea vacated because, as noted above, the 2006 judgment remained in effect at the time the 2007 judgment was entered. Thus, "any further criminal proceedings on the original charges [were] barred by [defendant's] constitutional right not to be twice put in jeopardy" (*Matter of Kisloff v Covington*, 73 NY2d 445, 452 [1989]).

In light of our determination, we do not reach defendant's remaining contentions. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.