■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD E. WYSTOZALY, Appellant. [914 NYS2d 426]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Burns, J.), rendered August 7, 2009 in Otsego County, upon a verdict convicting defendant of the crime of driving while intoxicated.

Following his April 2008 arrest, defendant was charged by felony complaint with driving while intoxicated (hereinafter DWI). When he subsequently appeared in Richfield Town Court, his counsel informed the Town Justice that defendant had agreed to accept the People's offer to plead guilty to a misdemeanor charge, and the Town Justice stated that he would accept the plea. Moments later, while reviewing the file, the Assistant District Attorney apparently noticed that defendant had a prior felony DWI conviction and he withdrew the plea offer. The Town Justice then stated that he would permit the withdrawal because he did not have a document endorsing the agreement. When defendant was subsequently indicted on the felony charge, he moved to dismiss the indictment on double jeopardy grounds, arguing that his plea to the misdemeanor charge had already been accepted in Town Court. The motion was denied after a hearing, and defendant was convicted following a jury trial. He appeals, contending that his right against double jeopardy has been violated.

CPL 40.20 (1) codifies the federal and state constitutional mandate that "[a] person may not be twice prosecuted for the same offense." A person is prosecuted within the meaning of the statute when a criminal action "[t]erminates in a conviction upon a plea of guilty" (CPL 40.30 [1] [a]). Except in circum-

stances not applicable here, once a court has accepted a plea, it has no statutory or inherent authority to vacate that plea over the defendant's objection (*see Matter of Kisloff v Covington*, 73 NY2d 445, 450, 451 [1989]; *Matter of Campbell v Pesce*, 60 NY2d 165, 168-169 [1983]). Thus, the double jeopardy issue herein turns on whether the Town Justice accepted defendant's plea to the misdemeanor charge.

Resolution of that factual question is hindered by a five-minute gap in the recording of the Town Court proceedings. The gap occurs between the Town Justice's statement that he would accept the plea, and his comment that the People wished to withdraw the plea offer based on the prior DWI conviction. At the hearing on defendant's motion to dismiss the indictment, several witnesses, including defendant, testified that during the unrecorded time period, defendant and his counsel went outside to discuss the plea, then returned and discussed with the Town Justice the fine that would be assessed and how long defendant would have to pay it. These witnesses further testified that it was their understanding that the Town Justice had accepted defendant's plea, and that the matter had been fully concluded before the Assistant District Attorney sought to withdraw the plea offer.

The Town Justice also testified at the hearing and, while his memory of events was incomplete, he did recall that no written application for a reduction of charges was submitted to him by either party. He stated that it was his practice, before accepting a plea reduction to a misdemeanor DWI, to require a written application for reduction of charges, signed by a representative of the District Attorney's office and either the defendant or the defendant's counsel. He further stated that he would not consider a plea to be entered until the signed application was presented to the court.

In reaching its conclusion that the Town Justice did not, in fact, accept defendant's guilty plea, Supreme Court credited the testimony of defendant's witnesses as to the events that transpired in Town Court. However, the court concluded that the witnesses misunderstood the import of those events as constituting the Town Justice's acceptance of defendant's guilty plea. Instead, based upon the available transcript and the Town Justice's testimony regarding his practice of requiring a written agreement, the court concluded that the discussions in Town Court, including those that took place during the gap in the recording, were preliminary discussions and the Assistant District Attorney's application to withdraw the plea offer was made before defendant's plea had actually been accepted. On this rec-

ord, and deferring to the court's credibility determinations (see *People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Scott*, 29 AD3d 1025, 1027 [2006]), we find no basis to disturb the court's decision in that regard. Accordingly, we find that defendant was not subjected to double jeopardy.

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.