People v Akbar (2025 NY Slip Op 03455)

People v Akbar

2025 NY Slip Op 03455

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

366 KA 24-01028

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
DAREIOUS AKBAR, DEFENDANT-RESPONDENT. 

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Erie County Court (Kenneth F. Case, J.), dated June 6, 2024. The order, insofar as appealed from, granted that part of the omnibus motion of defendant seeking to dismiss counts 1 through 3 of the indictment. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: The People appeal from an order that, inter alia, granted that part of defendant's omnibus motion seeking to dismiss counts 1 through 3 of the indictment based on the alleged legal insufficiency of the evidence before the grand jury. During the pendency of this appeal, defendant pleaded guilty to the remaining counts in the indictment. Defendant correctly contends, and the People correctly concede, that the appeal is moot (see People v Moquin , 77 NY2d 449, 455 [1991], rearg denied 78 NY2d 952 [1991]; see generally Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714 [1980]), and the parties do not contend that this case falls within an exception to the mootness doctrine (see generally Hearst Corp. , 50 NY2d at 714-715).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court