■ The People of the State of New York, Respondent, v George Jennings, Jr., Appellant. [596 NYS2d 572] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered September 25, 1991 in Albany County, upon a verdict convicting defendant of the crimes of criminal posses-

sion of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Observed in possession of several plastic bags containing what appeared to be cocaine, defendant was arrested and ultimately charged with criminal possession of a controlled substance in the third and fourth degrees. On September 11, 1990, he pleaded guilty in Albany City Police Court to criminal possession of a controlled substance in the seventh degree in full satisfaction of the charges, with the understanding that he would receive a sentence of 60 days' incarceration and three years' probation. Prior to sentencing, however, on October 2, 1990, defendant was again arrested and charged with criminal possession of a controlled substance. Because of this arrest, the sentence originally offered was declared unavailable and in its place Police Court gave defendant the option of accepting a one-year sentence, which defendant rejected. The plea was then vacated and, after a jury trial in Supreme Court, defendant was found guilty of both charges and sentenced on each to a prison term of 5 to 15 years, the two sentences to run concurrently. Defendant appeals, claiming that the District Attorney's refusal to honor the plea bargain, and the consequent vacatur of his plea and trial, subjected him to double jeopardy in violation of his constitutional rights.

Defendant does not challenge the legality of the no-arrest condition attached to the plea bargain (see, People v Outley, 80 NY2d 702, 709), nor does he contest the validity of his second arrest. He merely argues that the promised sentence should have been imposed regardless of any intervening criminal activity. He insists that inasmuch as he never asked to withdraw his guilty plea, but simply indicated that the one-year sentence was unacceptable, his plea was improperly vacated and that his subsequent trial and conviction were illegal. This contention was advanced after the trial and before sentencing, and because there was no record made in Police Court of defendant's plea allocution or of the terms of the plea bargain itself, Supreme Court conducted a hearing to determine whether there was merit to defendant's claim. After hearing testimony from defendant, the Police Court Judge who took and subsequently vacated the plea, and the attorneys who had been present during the proceedings, Supreme Court found that the plea had been vacated at defendant's request. This finding was supported by the Police Court Judge's testimony that "[defendant] was given an opportunity to withdraw his previous plea * * * and that's exactly what he did".

There is no merit to defendant's argument that, despite defendant's intervening criminal activity, Police Court was nevertheless bound to offer the sentence originally agreed upon. When Police Court accepted defendant's guilty plea, it specifically admonished defendant that the promised sentence would not be available if he did not stay out of trouble. His subsequent arrest constituted a breach of that condition. In these circumstances, it was appropriate for the court to require that defendant choose either to accept a graver sentence or to withdraw his plea and proceed to trial (*see, People v Schultz,* 73 NY2d 757, 758; *People v Selikoff,* 35 NY2d 227, 240, *cert denied* 419 US 1122; *People v West,* 80 AD2d 680, 681).

Defendant also maintains that the sentence ultimately imposed, 5 to 15 years on each charge to run concurrently, was harsh and excessive. In support of this contention, defendant points to the difference between the sentence promised in exchange for a guilty plea and that prescribed after trial. There is no evidence, however, that the enlarged sentence was predicated solely on the fact that defendant proceeded to trial (*see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Cox,* 122 AD2d 487, 488-489). And, in view of the seriousness of the crimes and the lack of mitigating circumstances, the sentences imposed for the class B and C felonies of which defendant was convicted represent a reasonable exercise of the court's discretion and we find no basis for disturbing it.

Weiss, P. J., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.