■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHIRLEY F. WRIGHT, Respondent. [613 NYS2d 988] —Mercure, J. P. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered October 13, 1993, which granted defendant's motion to dismiss the indictment.

On November 6, 1992, defendant was arrested on a felony complaint filed with the Potsdam Town Court in St. Lawrence County charging her with scheme to defraud in the first degree, a class E felony (Penal Law § 190.65). On November 24, 1992, defendant appeared in Town Court and was permitted to plead guilty to a reduced charge of scheme to defraud in the second degree, a class A misdemeanor (Penal Law § 190.60). The Assistant District Attorney stated his position on sentence as follows: "I would also like to state for the record at this time before the judge accepts the plea, that as a part of the plea, that the sentencing be delayed for up to one year until the outcome of whatever happens with [two other allegedly involved parties], and we would, the People recommend no jail time for [defendant] if she continues to cooperate to recover whatever is available to recover and if she continues to tell the truth whenever she is asked to by the Court or police officers." Town Court accepted and entered defendant's plea and deferred sentencing for one year in accordance with the People's request.

Apparently not satisfied with the cooperation given by defendant, in December 1992 the People applied to Town Court to "withdraw consent" to defendant's plea pursuant to CPL 220.60. Over defendant's objection Town Court granted the motion, vacated defendant's plea and reinstated the felony complaint. The People subsequently presented the matter to a Grand Jury and in April 1993 defendant was indicted for three counts of scheme to defraud in the first degree and one count of grand larceny in the fourth degree. Following arraignment in County Court, defendant moved to dismiss the indictment on the ground, among others, of double jeopardy. County Court granted the motion, finding that Town Court lacked jurisdiction to vacate defendant's plea. The People appeal.

We affirm. Fundamentally, "[a] person may not be twice prosecuted for the same offense" (CPL 40.20 [1]) and the termination of a criminal action by entry of a guilty plea constitutes a previous prosecution for double jeopardy pur-

poses (CPL 40.30 [1] [a]). We agree with defendant that, absent her consent, there was no statutory or inherent authority for Town Court's vacatur of her plea of guilty, thereby barring further prosecution for any offenses based upon the same act or criminal transaction (CPL 40.20 [2]). CPL 220.60 (3), which permits a defendant to withdraw a guilty plea with the approval of the court, does not assist the People. Similarly inapposite is *People v Farrar* (52 NY2d 302) which, in the absence of prejudice to the defendant, permits the People to withdraw consent to a plea in the event that the sentence to be imposed is less than the sentence originally negotiated by the parties. In this case, the parties reached no agreement on sentence and Town Court did not in any event indicate the sentence it intended to impose. Finally, the record does not support Town Court's conclusion that the reduction of the charge was conditioned upon defendant's subsequent cooperation. To the contrary, it is clear that no condition was placed upon entry of the guilty plea and that the People expressly utilized the adjournment of sentence and continued threat of incarceration to maintain control over defendant. The People's remaining contentions have been considered and rejected.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed.