■ In the Matter of STEPHEN CROOMS, Petitioner, v MICHAEL CORRIERO, as Justice of the Supreme Court, Respondent. [614 NYS2d 511] —Petition, pursuant to CPLR article 78, to annul the order of the Supreme Court, New York County (Michael Corriero, J.), entered on or about March 29, 1994, which vacated the plea of Stephen Crooms, *sua sponte,* and directed that he proceed to trial, unanimously granted, the cross-motion denied, the plea reinstated and the matter remanded to Supreme Court for sentence in accordance with the agreement entered upon the record.

On January 25, 1994, petitioner pleaded guilty to the crime of robbery in the second degree under count six of the indictment against him. Petitioner admitted to acts constituting the crime of robbery in the second degree, and the Assistant District Attorney appearing on behalf of the People acknowledged his satisfaction with the allocution. The court accepted the plea in return for a promised sentence of from 3⅓ to 10

years and adjourned the matter until February 7 for imposition of sentence. On the adjourned date, a second Assistant District Attorney, the prosecutor originally assigned to the case, objected to the negotiated plea on the ground that the terms he had offered petitioner included a plea of guilty to the additional crime of sexual abuse, contained in count two of the indictment, in return for the promised sentence. Petitioner maintained his innocence of any sexual misconduct and refused to withdraw his plea, insisting that sentence be imposed as agreed upon. The court thereupon vacated the plea on its own motion.

This matter is governed by this Court's decision in *People v Griffith* (43 AD2d 20 [Murphy, J.]), which is entirely dispositive of the issues raised. On facts remarkably similar to those at bar, it holds that "after its acceptance and full agreement on sentence reached, in the absence of fraud the court had no inherent power to set the plea aside without defendant's consent" *(supra,* at 24). In *Griffith,* an Assistant District Attorney agreed to a three-year maximum sentence, which the court approved. "At this point, the matter should have been concluded and the court should not have withdrawn its promise, and vacated the plea, merely because another prosecutor wanted a four-year, instead of a three-year recommendation, or the District Attorney later thought the court should be allowed the full scope of permissible punishment" *(supra,* at 25). This Court held that the burden of miscommunication falls on the prosecution, noting that negotiations between the District Attorney's Office and the defense must proceed in good faith. "The underlying facts and the limits of authority should be thoroughly considered in relation to their respective clients before any plea negotiations are even undertaken, no less finalized. For when unconditional commitments are made the obligations resulting therefrom are equally binding on all the parties. Chaos in the court system and injustice to all parties would result in vacating pleas and judgments on the theory that what was agreed on does not now bind the court, the prosecutor, or the defense" *(supra,* at 25).

Respondent Justice has not appeared in this proceeding. The District Attorney of New York County has appeared as the party respondent pursuant to CPLR 7804 (i). Respondent District Attorney has not filed an answer but has moved to dismiss the petition on the ground that a writ of prohibition does not lie under the circumstances of this matter (CPLR 7804 [f]). He argues that it is merely an attempt to pursue an interlocutory appeal and insists that such is unnecessary in

light of petitioner's ability to challenge respondent's action in vacating his plea on direct appeal, following trial.

As stated by the Court of Appeals in *Matter of Kisloff v Covington* (73 NY2d 445, 449), "Where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction, the extraordinary remedy of prohibition lies" (citing *Matter of Rush v Mordue*, 68 NY2d 348, 352). While reserving the right to submit an answer should his motion be denied (CPLR 7804 [f]), respondent addresses the merits in his memorandum of law. Indeed, to prevail on his motion for dismissal, the District Attorney must establish that the court, in vacating petitioner's plea *sua sponte*, acted within its authority. If the court acted in excess of its power, not only does the petition lie, but petitioner is clearly entitled to the relief he seeks.

CPLR 7804 (f) should not be construed to give a respondent two bites at the apple by permitting the submission of duplicative pleadings on the merits (CPLR 7804 [d]). The procedural aspects of this matter are inextricably intertwined with the issue to be decided, the question presented is straightforward and there is no reason to protract the proceeding. Therefore, in the interest of judicial economy, the Court can regard the memorandum of law as respondent's answer and proceed to a determination of the issue.

Respondent points to no statutory authority which authorizes a court to withdraw a plea without the consent of the defendant in the absence of fraud or misrepresentation (CPL 220.60 [3]; *Matter of Lockett v Juviler*, 65 NY2d 182). "In the absence of fraud, once a court accepts a guilty plea, it has no inherent power to set aside the plea without the defendant's consent" *(People v Franco*, 158 AD2d 33, 34 [Asch, J.]; *accord, People v Jones*, 99 AD2d 1 [3d Dept, Levine, J.]). Furthermore, in *Matter of Campbell v Pesce* (60 NY2d 165, 168), the Court of Appeals noted that "there exists no statutory authorization for the court to vacate the plea and sentence at the prosecutor's request and reinstate the original charges * * * Nor does any other provision of the CPL enable the People to upset the plea." The Court went on to acknowledge "the inherent power of a court to correct its own error in connection with accepting a plea or imposing sentence" *(supra,* at 168). Specifically mentioned *(supra,* at 169) are instances where a "patent clerical error" was made (citing *People v Minaya*, 54 NY2d 360, *cert denied* 455 US 1024), where "the Trial Judge had merely misspoken" (citing *People v Wright*, 56

NY2d 613) and where "a plea which had been illegally accepted was vacated on the court's inherent power, but that vacatur occurred prior to the imposition of sentence" (citing *People v Bartley,* 47 NY2d 965; *see also, People v Moquin,* 77 NY2d 449; *People v Pena,* 169 AD2d 392, *lv denied* 78 NY2d 957). The matter at bar clearly involves no error on the part of the court, but a unilateral mistake on the part of the Assistant District Attorney arising out of a lack of communication in his Office.

It should be emphasized that there is no disagreement among the District Attorney, petitioner and Supreme Court as to the sentence to be imposed. This matter is before this Court solely because the District Attorney desires that petitioner plead guilty to a count of the indictment in addition to that agreed upon in open court. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.