(October 17, 1995)

■ In the Matter of RYAN RANDOLPH, Petitioner, v JAMES J. LEFF et al., Respondents. [632 NYS2d 125] —Petition, pursuant to CPLR article 78, to annul the order of the Supreme Court, New York County (James Leff, J.), entered on or about November 8, 1994, which vacated petitioner's guilty plea, *sua sponte*, and directed that he proceed to hearing and trial, unanimously granted, the plea reinstated and the matter remanded to Justice Leff for further proceedings, without costs.

Respondent Leff exceeded his judicial authority in vacating, *sua sponte*, petitioner's legally entered plea where there was no new evidence, fraud, or clerical error to justify vacatur, and where petitioner did not consent to withdrawal of the plea (*Matter of Crooms v Corriero*, 206 AD2d 275, *lv denied* 84 NY2d 809). Contrary to respondents' assertions, the record indicates that at the time of the plea, no issues remained concerning petitioner's competence to stand trial and the court was fully aware of the nature and extent of petitioner's criminal history. Consequently the presentence report did not provide a basis for vacatur and, in any case, the record indicates that it was reviewed by the court after the decision was made to vacate the plea.

The cases cited by respondents as authority for denying petitioner specific performance of the plea agreement are inapposite. In *People v Selikoff* (35 NY2d 227, *cert denied* 419 US 1122), the three cases decided were factually distinct from the case at bar. *People v McConnell* (49 NY2d 340) is supportive of petitioner's position, holding not only that the defendant was entitled to specific performance because he had fulfilled his commitment to testify pursuant to the plea agreement, but also that new evidence emerging from trial that the defendant had stabbed the decedent was not significant enough to warrant refusal to sentence the defendant as promised. Respondents' reliance on *People v Schultz* (73 NY2d 757) is misplaced since, despite that Court's holding that a Judge retains discretion in fixing an appropriate sentence up to the time of sentencing, it also cites with approval *McConnell* (*supra*). *McConnell*, like *Crooms* (*supra*, at 276), indicates that such discretion is

not absolute, noting *(supra,* at 349) that the power to deny specific performance should be balanced against "the detrimental effect on the criminal justice system that will result should it come to be believed that the State can renege on its plea bargains with impunity". Concur—Murphy, P. J., Sullivan, Ellerin, Williams and Mazzarelli, JJ.