■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE SEARCY, Appellant. [770 NYS2d 493]—

Appeal from a judgment of Onondaga County Court (Aloi, J.), entered November 27, 2002, convicting defendant after a jury trial of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the indictment is dismissed, the felony complaint as amended is reinstated, the plea is reinstated and the matter is remitted to Syracuse City Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]). We previously granted the pro se motion of defendant to supplement the record on appeal with the transcripts from proceedings in Syracuse City Court that occurred prior to the indictment from which the instant conviction arises. Those transcripts indicate that the People amended the felony complaint to the misdemeanor offense of criminal contempt in the second degree (§ 215.50) in exchange for defendant's plea of guilty to that charge and a sentence of one year. The court thereupon accepted defendant's plea of guilty to the reduced charge. After discussion between the court and counsel, it was determined that the court would proceed with sentencing immediately following the plea. In addressing the court, however, defendant indicated that he was dissatisfied with his attorney. The court stated, "Why don't we do this, we'll vacate the plea." Defendant stated that he did not want the plea to be vacated and was ready to be sentenced. The court nevertheless vacated the plea over defendant's objection, at which time defense counsel stated to defendant, "No. I told you, you did it. It's over, it's going to Grand Jury." The court assigned new counsel for defendant, and defendant was thereafter indicted on the instant offense.

We agree with the contention of defendant in his pro se supplemental brief that the court lacked the authority to vacate the plea without his consent where, as here, "there was no new evidence, fraud or clerical error to justify vacatur" (*Matter of Randolph v Leff,* 220 AD2d 281, 281 [1995]; *see People v Prato,* 89 AD2d 860 [1982]; *People v Murphy,* 53 AD2d 530 [1976]; *People v Griffith,* 43 AD2d 20, 24 [1973]; *see generally Matter of Campbell v Pesce,* 60 NY2d 165, 167-168 [1983]; *cf. Matter of*

*Lockett v Juviler,* 65 NY2d 182,185-187 [1985]; *People v Bartley,* 47 NY2d 965, 966 [1979]).

We further conclude that, because defendant was thereafter tried on the indictment charging him with the same acts charged in the felony complaint that was amended in City Court and to which he pleaded guilty, defendant was "twice prosecuted for the same offense" and thus his double jeopardy rights were violated (CPL 40.20 [1]; *see* 40.30 [1] [a]; US Const Fifth Amend; NY Const, art I, § 6). "Fundamentally, '[a] person may not be twice prosecuted for the same offense' . . . and the termination of a criminal action by entry of a guilty plea constitutes a previous prosecution for double jeopardy purposes . . . .We agree with defendant that, absent [his] consent, there was no statutory or inherent authority for [City] Court's vacatur of [his] plea of guilty, thereby barring further prosecution for any offenses based upon the same act or criminal transaction" (*People v Wright,* 205 AD2d 1013, 1013-1014 [1994]).

We therefore reverse the judgment, dismiss the indictment, reinstate the felony complaint as amended, reinstate the guilty plea thereon and remit the matter to Syracuse City Court to sentence defendant to the time served under the vacated judgment (*see* Penal Law § 70.30 [5]), and to impose a three-year order of protection from the date of the original conviction upon the plea of guilty, i.e., May 15, 2002 (*see* CPL 530.13 [4]), in accordance with the terms of the plea agreement. We note that defendant has served in excess of one year in prison, and thus a sentence imposed on the misdemeanor conviction that does not credit defendant with the time served on the judgment reversed herein would further violate his double jeopardy rights, which " 'protect[ ] against multiple punishments for the same offense' " (*Matter of Auer v Smith,* 77 AD2d 172, 181 [1980], *appeal dismissed* 52 NY2d 1070 [1981]). In light of our decision, we do not address the remaining contentions in the pro se supplemental brief and the main brief. Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.