■ In the Matter of ROBERT P. MORAN, JR., Petitioner, v MICHAEL E. DALEY, as Acting Oneida County Court Judge, et al., Respondents. [785 NYS2d 264]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondents from proceeding to trial against petitioner under Oneida County Indictment No. I 2003-350.

It is hereby ordered that the petition be and the same hereby is unanimously granted without costs and judgment is granted in favor of petitioner as follows: It is adjudged that respondents are prohibited from proceeding to trial against petitioner under Oneida County Indictment No. I 2003-350 and respondent Michael E. Daley, Acting Oneida County Court Judge, is ordered to reinstate petitioner's plea of guilty.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to prohibit his trial in Oneida County Court upon the sua sponte vacatur by respondent Michael E. Daley, Acting Oneida County Court Judge, of petitioner's legally entered plea of guilty without the consent of petitioner and to reinstate his plea. On April 27, 2004, petitioner pleaded guilty to criminal possession of a controlled substance in the third degree. The court accepted petitioner's plea and adjourned sentencing under the following conditions: if federal authorities proceeded with a related prosecution, "this matter would be held in abeyance"; if petitioner was convicted in federal court, he would be sentenced to "concurrent time to any federal sentence"; or, if the court could not impose a concurrent

sentence, petitioner would have the option of withdrawing his plea and going forward with the state indictment. No provisions concerning bail were specifically made part of the plea agreement.

Thereafter, the prosecution moved to revoke petitioner's bail. Petitioner moved for an order dismissing the application to revoke his bail, and for an order granting him permission to withdraw his plea. The court denied petitioner's motion and granted the prosecution's motion to revoke bail. Petitioner thereafter moved before this Court, by order to show cause, for an order releasing him on bail pursuant to CPL 530.45. By order signed on August 11, 2004, a Justice of this Court (Leo F. Hayes, J.) ordered the Oneida County Sheriff's Department to "immediately release" petitioner upon bail previously posted, ordered that petitioner's release continue until such time as a final judgment and sentence is rendered in the United States District Court, Northern District of New York (David N. Hurd, J.), on Indictment No. 03-CR-00452, and ordered that petitioner not leave Oneida County.

We conclude that the court exceeded its judicial authority by vacating the plea without petitioner's consent. "Where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction, the extraordinary remedy of prohibition lies" (*Matter of Kisloff v Covington*, 73 NY2d 445, 449 [1989], citing *Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

Where a court vacates a defendant's plea in the absence of fraud and without the defendant's consent, a writ of prohibition is a proper remedy (*see Kisloff*, 73 NY2d at 449; *Matter of Campbell v Pesce*, 60 NY2d 165, 168-169 [1983]; *Matter of Randolph v Leff*, 220 AD2d 281 [1995]; *Matter of Crooms v Corriero*, 206 AD2d 275, 277-278 [1994], *lv denied* 84 NY2d 809 [1994]). Based on the record before us, petitioner cannot be said to have consented to the vacatur of his plea. Thus, we grant the petition and grant judgment in favor of petitioner prohibiting respondents from proceeding to trial and ordering respondent Daley to reinstate petitioner's plea. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.