■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BRUNJES, Appellant. [787 NYS2d 897]—

Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Hudson, J.) rendered October 10, 2002, under indictment No. 2371/01, convicting him of rape in the first degree, rape in the third degree, assault in the second degree, robbery in the second degree, sexual abuse in the first degree, and endangering the welfare of a child, upon his plea of guilty, and (2) a judgment of the same court, also rendered October 10, 2002, under Superior Court Information No. 1555/ 02, convicting him of burglary in the first degree, rape in the first degree, and sodomy in the first degree (two counts), upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the County Court properly vacated the defendant's original pleas of guilty (*see People v Jennings,* 192 AD2d 885, 887 [1993]; *see also People v Selikoff,* 35 NY2d 227, 240 [1974], *cert denied* 419 US 1122 [1975]; *People v Schultz,* 73 NY2d 757, 758 [1988]; *cf. People v Rubendall,* 4 AD3d 13 [2004]; *People v Searcy,* 2 AD3d 1395 [2003]; *Matter of Randolph v Leff,* 220 AD2d 281 [1995]). The County Court first vacated the original pleas of guilty, pleas that had been premised on the anticipated imposition of sentences that were later determined by the County Court to be unduly lenient, and thereafter offered the defendant an opportunity to have those pleas reinstated in return for the promised imposition of more severe sentences deemed by the County Court to be more appropriate (*see People v Selikoff, supra; see also People v Schultz, supra*). The defendant voluntarily accepted the offer. The defendant pleaded guilty and waived his right to appeal. The court then imposed enhanced sentences.

The defendant's waiver of his right to appeal forecloses review of his argument that the sentences ultimately imposed on him as part of his second plea agreement were excessive (*People v*

*Felipe,* 309 AD2d 514 [2003]; *People v Broschart,* 301 AD2d 658 [2003]). The sentences imposed were not illegal. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.