OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, the guilty pleas entered on April 22, 2010 are vacated, and the matters are remitted to the Criminal Court for further proceedings on each of the accusatory instruments.
On December 27, 2009, the People charged defendant in a single accusatory instrument with petit larceny (Penal Law § 155.25) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). On January 14, 2010, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree in satisfaction of the accusatory instrument, and was permitted to participate in an outpatient drug treatment program in lieu of incarceration, with the proviso that if he was rearrested or otherwise failed to complete the program, he would be sentenced to a year’s incarceration. On January 28, 2010, based on a new incident, the People charged defendant in a single accusatory instrument with petit larceny and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). On February 1, 2010, defendant appeared in Criminal Court and pleaded guilty to petit larceny in satisfaction of the accusatory instrument dated January 28, 2010, whereupon he was restored to the outpatient treatment program, again as an alternative to a year’s incarceration, to run concurrently with the prior disposition. On April 21, 2010, defendant was arrested again and charged in a single accusatory instrument with petit larceny, criminal possession of stolen property in the fifth degree, and false personation (Penal Law § 190.23). On April 22, 2010, defendant appeared in Criminal *16 Court and, although his prior guilty pleas had not been vacated, pleaded guilty to three counts of petit larceny, in satisfaction of the three accusatory instruments, and was sentenced to three concurrent terms of six months’ incarceration. Defendant has served his sentences.
On appeal, defendant contends that his state statutory (CPL 40.30) and federal constitutional protections against double jeopardy were violated when, without his prior guilty pleas having been vacated, he pleaded guilty a second time to offenses charged in the accusatory instruments dated December 27, 2009 and January 28, 2010 (on one occasion to the identical offense, petit larceny) in satisfaction of these accusatory instruments, and to a third charge of petit larceny in satisfaction of the accusatory instrument dated April 21, 2010, as part of a comprehensive plea and sentencing disposition.
Although defendant’s state statutory double jeopardy rights (CPL 40.30) were forfeited by his guilty pleas (People v Prescott, 66 NY2d 216, 219-220 [1985]), his constitutional claim survives (id. at 220-221; see People v Parilla, 8 NY3d 654, 659 [2007]; People v Galunas, 93 AD3d 892, 893 [2012]). Absent vacatur of the prior pleas of January 14 and February 1, 2010, the guilty pleas entered on April 22, 2010, purportedly in satisfaction of the first two accusatory instruments, were barred and the judgments of conviction entered thereon must be reversed and those two guilty pleas of April 22, 2010 vacated (see People v Searcy, 2 AD3d 1395, 1397 [2003]). Further, because the guilty plea in satisfaction of the offenses charged in the third accusatory instrument was an integral part of a comprehensive plea and sentencing agreement involving the dispositions of all purportedly outstanding charges, it cannot be severed therefrom. Consequently, the judgment of conviction entered thereon must similarly be reversed and that guilty plea vacated (see People v Williams, 17 NY3d 834, 836 [2011]; People v Fuggazzatto, 62 NY2d 862, 863 [1984]; People v Espinal, 10 AD3d 326, 331 [2004]).
Defendant argues that, as he has served his sentences on the three judgments and the offenses charged are relatively minor, no penological purpose would be served by reinstating the proceedings to their pre-April 22, 2010 statuses. Defendant therefore urges that the three accusatory instruments be dismissed as a matter of discretion in the interest of justice. However, because the proceedings in this case involve numerous *17 charges arising from three arrests, at least two of which occurred during the period when defendant was to lead a law-abiding life and undergo drug rehabilitation and, thereby, qualify for the dismissal of certain of the charges, we decline defendant’s request that we dismiss the accusatory instruments. Consequently, we restore the matters to their statuses prior to April 22, 2010 for further proceedings on each of the accusatory instruments (see People v Searcy, 2 AD3d at 1397).
Accordingly, the judgments of conviction are reversed, the guilty pleas of April 22, 2010 are vacated, and the matters are remitted to the Criminal Court for further proceedings on the three accusatory instruments.
Pesce, P.J., Rios and Solomon, JJ., concur.