People v Brunjes (2019 NY Slip Op 05703)





People v Brunjes


2019 NY Slip Op 05703


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-01985

[*1]People of State of New York, respondent,
v
Andrew Brunjes, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated February 1, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2002, the defendant was convicted of burglary in the first degree, rape in the first degree, and two counts of sodomy in the first degree under Superior Court Information No. 1555-02, and rape in the first degree, rape in the third degree, assault in the second degree, robbery in the second degree, sexual abuse in the first degree, and endangering the welfare of a child under Indictment No. 2371-01 (see People v Brunjes, 14 AD3d 619). Prior to the defendant's release from prison, the County Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) and designated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contended that he identified two appropriate mitigating factors, namely, his purportedly exceptional response to sex offender treatment and drug and alcohol treatment programs and that his age at the time of his release from prison rendered him less likely to reoffend (see People v Alvarez, 153 AD3d 645, 646; People v Santiago, 137 AD3d 762, 764; People v Shelton, 126 AD3d 959, 959-960; People v Watson, 95 AD3d 978, 979; Guidelines at 5, [*2]17). However, he did not establish the facts in support of the existence of either factor by a preponderance of the evidence (see People v Ralph, 170 AD3d 900; People v Cartiglia, 169 AD3d 725; People v Wyatt, 89 AD3d at 128). Contrary to the defendant's additional contention, his young age at the time that he committed the subject offenses was not an appropriate mitigating factor, as it was "adequately taken into account by the Guidelines" (People v Wyatt, 89 AD3d at 124; see People v Cartiglia, 169 AD3d 725; Guidelines at 13).
Accordingly, we agree with the County Court's determination to deny the defendant's request for a downward departure from the presumptive risk level.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court