■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SNIDE, Appellant. [683 NYS2d 594] —Peters, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 11, 1997, upon a verdict convicting defendant of the crime of assault in the second degree.

Gregory Trombley arrived at defendant's home on December 24, 1995. Upon his entry, defendant proceeded to strike him with a long wooden stick on his face, arms and back. After be-

ing ejected by defendant, Trombley found assistance and was taken to a local hospital where he received treatment including, *inter alia*, stitches. The police were called and a warrant was promptly issued for defendant's arrest.

Shortly thereafter, defendant was picked up at his home by two State Troopers and was provided his *Miranda* warnings. Upon his transport to the police station for processing and thereafter to Justice Court for an arraignment, a conversation ensued with one of the Troopers wherein defendant admitted to attacking Trombley because he was "fooling around" with his wife. Later proceeding to the County Jail, defendant stated to another Trooper that he "should have killed" Trombley.

After indictment on the charge of assault in the second degree, defendant received notification by the People concerning the two inculpatory statements, yet counsel made no pre-trial suppression motion. After jury selection, the People gave an opening statement which included, *inter alia*, information regarding the two statements. Thereafter, the People received the police investigation report concerning defendant and promptly disclosed it along with other *Rosario* material. In this report, it was revealed, for the first time, that defendant had been arrested pursuant to a warrant.

Upon defendant's motion, the trial was interrupted and a *Huntley* hearing was held. The People agreed not to use the statement made to the police in their direct case regarding the fact that Trombley was "fooling around" with defendant's wife but advised that they would use it on cross-examination if defendant testified on his own behalf. At the *Huntley* hearing concerning the second statement, the police officer testified that at the time the statement was made he was not questioning defendant. Defendant agreed, but claimed that the officer had said something to him during casual conversation which made him respond with such comment. Upon this testimony, County Court concluded that the statement was spontaneous and therefore admissible. Defendant thereafter moved, unsuccessfully, for a mistrial.

At trial,[1] Trombley described the lengthy consensual sexual affair he had with defendant's wife. The police officer testified that upon his conversation with her, she appeared relaxed and revealed nothing concerning inappropriate sexual contact by Trombley. The officer then described the circumstances leading to defendant's statement that "I should have killed him" which

---

1. As the parties stipulated that the injuries Trombley suffered constituted "physical injury" within appropriate statutory guidelines, no medical testimony was necessary.

was admitted at trial, without objection. At the completion of the People's case, all counsel went into chambers, without objection and without defendant, wherein counsel for defendant moved to dismiss the indictment. County Court denied the motion.

Defendant thereafter testified on his own behalf and propounded the testimony of his wife who described her relationship with Trombley as nonconsensual.[2] She stated that she had not revealed to defendant that she had been sexually assaulted by Trombley until he called their home on December 23, 1995. Upon Trombley's visit the next day, defendant contended that upon hearing his wife "scream[ ] hysterically" after Trombley entered their residence, he acted in self-defense. From his conviction of assault in the second degree, defendant appeals.

"Whether * * * unfulfilled representations in an opening should require a mistrial rests within the discretion of the trial court" (*People v De Tore*, 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York*, 419 US 1025), only to be disturbed upon a showing of a clear abuse of discretion (*see, People v Ortiz*, 54 NY2d 288, 292). Absent bad faith or undue prejudice, a mistrial will generally not be warranted (*see, id.*; *see also, People v Duggan*, 229 AD2d 688, *lv denied* 88 NY2d 984). As it was undisputed that the parties were unaware that defendant was arrested pursuant to a warrant prior to the People's opening statements, we can find no evidence of bad faith. With the propoundment thereafter of appropriate cautionary instructions, no undue prejudice was presented.

Similarly unpersuasive is the allegation of error in County Court's refusal to suppress defendant's statement that he should have killed Trombley. While it is axiomatic that upon arrest pursuant to a warrant police may not interrogate an individual (*People v Lanahan*, 55 NY2d 711), they are not required to silence a chatterbox. "Volunteered statements are admissible provided the defendant spoke with genuine spontaneity 'and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers*, 56 NY2d 476, 479, quoting *People v Maerling*, 46 NY2d 289, 302-303). We find it notable that defendant admitted that he was not subjected to questioning by the police when the statement was made and had, in fact, conceded that the officer may have simply made a comment to which he responded. Finding the record to support County Court's assessment of

---

2. On cross-examination, however, she conceded that the relationship, which continued between August 1995 and November 1995, was often consensual.

the credibility of these witnesses, as well as its determination that defendant's statement was spontaneous, we decline to disturb it. Moreover, contrary to defendant's contentions, this inculpatory statement bore directly upon defendant's intent regarding an element of the crime charged (*see, People v Vega [Garcia]*, 225 AD2d 890, *lv denied* 88 NY2d 936, 943) and had a tendency to prove the existence of a material fact (*see, People v Scarola*, 71 NY2d 769). Therefore, any potential prejudice engendered by the testimony was clearly outweighed by its probative value (*see, People v Vega [Garcia], supra*).

Finally, while due process requires that defendant be afforded the right to be present at all material stages of the proceedings, we find no error in the determination of the motion to dismiss made and decided in his absence since the determination pertained only to a question of law or procedure (*see, People v Velasco*, 77 NY2d 469, 472).

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.