■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON PENA, Appellant. [688 NYS2d 16] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered December 15, 1994, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously modified, on the law, to provide that the two sentences shall run concurrently, and otherwise affirmed.

At his plea allocution, defendant admitted that he shot the victim with intent to cause serious physical injury, and that on that same date he possessed a loaded gun with the intent to use it unlawfully against another. Where the People seek to avoid the mandatory imposition of concurrent sentences for offenses that overlap under Penal Law § 70.25 (2), on the ground that the offenses involved two separate and distinct acts, they may rely only on the facts alleged in the indictment and the facts elicited at the plea allocution with respect to any count as to which the defendant has pleaded guilty (*People v Laureano*,

87 NY2d 640, 644). Those facts did not establish that for any period prior to the shooting, defendant possessed the gun with an intent distinct from his specific intent at the time of the shooting (to cause serious physical injury to the victim), such that a possessory crime would have been complete prior to the shooting (*see, People v Salcedo*, 92 NY2d 1019). The circumstance that defendant agreed to the consecutive sentences in a plea bargain does not change the result that the sentences must be modified to run concurrently, because the People have not requested vacatur of the plea in the event that we find the consecutive sentences illegal (*see, People v Laureano, supra*, at 645). Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.