Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDUE STURDIVANT, Appellant. [714 NYS2d 839] —Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered January 29, 1997 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree, menacing in the second degree and criminal trespass in the second degree.

Defendant's conviction of the crimes of rape in the first degree, menacing in the second degree and criminal trespass in the second degree, resulting in his sentence as a second violent felony offender to concurrent prison terms of 8 to 16 years for the rape charge, one year for the criminal trespass charge and one year for the menacing charge, stem from an incident on September 14, 1995 when defendant followed the complainant home, forced his way into her apartment and raped her. After he left her residence, the victim reported the incident to the Albany Police Department. A rape complaint was taken from her and informations were prepared in connection with the case.

Before they were filed with the court, but on the same day as the incident took place, Detective Kenneth Kennedy observed defendant in the City of Albany, prompting his arrest and booking at police headquarters. Believing that defendant's right to counsel had attached, he neither *Mirandized* nor questioned him. In response to a query from defendant during booking as to why he had been arrested, Kennedy advised him of the charges; defendant blurted out "I wasn't even there. And I didn't rape nobody."*

On appeal, defendant challenges the Supreme Court's refusal to suppress this statement as well as other rulings made during the course of trial. Addressing first Supreme Court's deter-

* Defendant and complainant had been engaged in a prior romantic relationship for many years.

mination that defendant's declaration constituted a spontaneous statement, we find no error. Defendant's query concerning the grounds for his arrest was met by a brief and innocuous response from police authorities. Although defendant was not *Mirandized*, it is clear that he was neither induced nor provoked to make a statement (*see, People v Rivers*, 56 NY2d · 476). While Kennedy was constrained from eliciting a response, he was not required to silence this chatterbox (*see, People v Snide*, 256 AD2d 812).

Defendant also takes issue with Supreme Court's pretrial *Molineux* ruling which permitted the People to present evidence that for several days prior to the rape, defendant repeatedly contacted the victim both at work and at home after being told to cease such conduct. Evidence of defendant's prior abusive behavior toward her was relevant to the element of forcible compulsion. Since its probative value outweighed its prejudicial effect, we find it properly admissible (*see, People v Cook*, 93 NY2d 840; *People v Rogner*, 265 AD2d 688).

Nor do we find error in Supreme Court's ruling permitting expert testimony concerning the presence or absence of physical injury in rape cases. As the admissibility and scope of such testimony is committed to the sound discretion of the trial court (*see, People v Mooney*, 76 NY2d 827, 828), its determination will not be disturbed absent a showing of serious mistake, error of law or abuse of discretion (*see, People v Fish*, 235 AD2d 578, *lv denied* 89 NY2d 1092). Mindful that the issue of physical injury was raised by defendant and that the court, in its charge, properly explained that its use was limited to providing background information and not proof that a rape had occurred, we decline to disturb it.

With no merit to contentions of error regarding remarks made by the People during summation since they were in response to defense assertions (*see, People v Townsley*, 240 AD2d 955, *lv denied* 90 NY2d 943; *see also, People v Hamilton*, 227 AD2d 669, *lv denied* 88 NY2d 1068) or of the failure of Supreme Court to provide an additional instruction concerning intent as an element of rape (*see, People v Williams*, 81 NY2d 303), we affirm.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.