Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 6, 1999, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the third degree.
Defendant was indicted for the crimes of murder in the second degree (two counts) and criminal possession of a weapon in the third degree as a result of his fatal attack upon a patient at the Community General Hospital in Sullivan County. Prior to trial, County Court found that defendant was competent to stand trial and that all challenged statements were admissible.
At trial, the jury rejected defendant’s affirmative defense of lack of responsibility by reason of mental disease or defect. Upon his conviction of one count of murder and one count of criminal possession of a weapon, defendant was sentenced to an indeterminate prison term of 25 years to life and a determinate term of seven years, respectively, with such sentences to run consecutively.
Upon appeal, defendant contends that the indictment charging murder in the second degree (Penal Law § 125.25) is defec *624 tive because it failed to allege that he intentionally caused the death of the person intended “or of a third person”* —an exception which should have been specifically pleaded as inapplicable if it was to survive a jurisdictional challenge. We disagree. The last phrase is not an “exception” set forth within the statute defining the offense (compare People v Peraza, 288 AD2d 689, 692 [2001], lv denied 97 NY2d 707 [2002]; People v Kirby, 280 AD2d 775, 780 [2001], lv denied 96 NY2d 920 [2001]; People v Hogabone, 278 AD2d 525, 525-526 [2000]). As such, no jurisdictional defect is caused by its omission.
Next addressing County Court’s refusal to suppress numerous inculpatory statements that defendant made while he was sedated and restrained, we find that although he was in custody, his disclosures to police authorities were spontaneous and not the result of police questioning or conduct “which should reasonably have been anticipated to evoke a declaration from the defendant” (People v Lynes, 49 NY2d 286, 295 [1980]).
Defendant’s subsequent disclosure to Don Starner, a detective, yields no different result. When Starner encountered defendant in custody, Starner merely inquired, “how are you?” When defendant replied, “I’m fine, I just killed a man,” Starner was taken aback. Responding with “excuse me,” defendant countered with “yeah, I just killed a man, I beat him over the head with a fire extinguisher because he was white.” Finding that Starner’s communications were not intended or anticipated to evoke inculpatory declarations, we reiterate the established principle that the police are “not required to silence [a] chatterbox” (People v Sturdivant, 277 AD2d 607, 608 [2000], lv denied 95 NY2d 970 [2000]; see People v Snide, 256 AD2d 812, 814 [1998]).
Next reviewing the inculpatory statements made to Anthony Suarez, a lieutenant, after defendant received his Miranda warnings and executed a written waiver, we find the record clear that defendant admitted, in response to questioning, that he intended to kill the victim by hitting him with a fire extinguisher so that he would be moved to another location. As these statements were made voluntarily and not in violation of any constitutional rights, no error is discerned.
Finally reviewing the sentences imposed, the People concede that they should be modified to run concurrently since the underlying convictions arose out of a single act (see People v Sturkey, 77 NY2d 979, 980-981 [1991]; People v Pena, 259 AD2d *625 394, 395 [1999], lv denied 93 NY2d 1005 [1999]). As to their length, we find them to fall within a legally permissible range (see People v Krzykowski, 293 AD2d 877, 880 [2002]). With the absence of an abuse of discretion by the sentencing court, we further conclude that in light of the brutal, unprovoked and senseless nature of the crime, there are no extraordinary circumstances warranting a modification in the interest of justice (see People v Robinson, 262 AD2d 795 [1999], lv denied 93 NY2d 1045 [1999]).
Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the prison sentences imposed on defendant be served concurrently rather than consecutively, and, as so modified, affirmed.

 The indictment charged that defendant “with intent to cause the death of another person did cause the death of such person.”