■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RIVERA, Appellant. [847 NYS2d 80]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered April 24, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant contends that his sentence should be reduced as a

remedy for the alleged failure of the Department of Correctional Services (DOCS) to place him in a Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program, as ordered by the sentencing court. However, defendant made a valid waiver of his right to appeal, which precludes him from seeking a reduction of his sentence as a matter of discretion in the interest of justice (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Although a claim that a sentence was substantively illegal would survive a waiver, there was nothing illegal about the sentence as imposed by the court. In any event, were we to find that this claim survived the waiver, we would perceive no basis for reducing the sentence. Defendant's proper remedy would have been a CPLR article 78 proceeding seeking to compel DOCS to place him in CASAT program, or to annul any determination to the contrary. We express no opinion on whether such a remedy is still available. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.