■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FRAZIER, Appellant. [870 NYS2d 342]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at competency hearing; Charles J. Tejada, J., at jury trial and sentence), rendered April 10, 2007, convicting defendant of burglary in the second degree (three counts), grand larceny in the third degree (two counts) and bail jumping in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life for the burglary convictions consecutive to concurrent terms of 2 to 4 years for the larceny convictions and consecutive to a term of 2 to 4 years for the bail jumping conviction, unanimously modified, on the law, to the extent of directing that the sentences for the larceny convictions be served concurrently with the sentences for the burglary convictions, and otherwise affirmed.

The hearing court properly found that the People had established, by a preponderance of the evidence, that defendant was competent to stand trial (*see People v Mendez*, 1 NY3d 15, 19-20 [2003]; *see also Pate v Robinson*, 383 US 375 [1966]). There is no basis for disturbing the court's evaluation of expert testimony (*see People v McMillan*, 212 AD2d 445 [1995], *lv denied* 85 NY2d 976 [1995]). The evidence at the hearing established that defendant's psychiatric illness did not prevent him from understanding the legal process or assisting his attorney in his defense.

The court's *Sandoval* ruling balanced the appropriate factors

and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]).

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US —, 128 S Ct 2976 [2008]).

The sentencing court erred in imposing consecutive sentences for the burglary and larceny convictions. Concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see also People v Laureano*, 87 NY2d 640, 642 [1996]). In each of the incidents at issue, the evidence established that larceny was the only intended crime that satisfied the "intent to commit a crime" element of burglary (Penal Law § 140.25). Thus, in each incident, the two acts—the entering of a dwelling for the sole purpose of stealing, and the actual taking of the property—cannot logically be considered separate and distinct acts. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.