[941 NE2d 1151, 916 NYS2d 574]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent,
v CHARLES FRAZIER, Respondent-Appellant.

Argued November 15, 2010; decided December 14, 2010

**POINTS OF COUNSEL**

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Eleanor J. Ostrow* and *Hilary Hassler* of counsel), for appellant-respondent. The elements of burglary in the second degree and grand larceny in the third degree are distinct from one another. And, in each criminal transaction at issue here, the acts constituting the burglary and the larceny were separate from each other. Therefore, the sentencing court's imposition of consecutive sentences for those crimes was lawful. (*People v Laureano*, 87 NY2d 640; *People v Ramirez*, 89 NY2d 444; *People v Day*, 73 NY2d 208; *People v Snyder*, 241 NY 81; *People v Truesdell*, 70 NY2d 809; *People v Taveras*, 12 NY3d 21; *People v Yong Yun Lee*, 92 NY2d 987; *People v King*, 61 NY2d 550; *People v Okafore*, 72 NY2d 81; *People v Brown*, 80 NY2d 361.)

*Center for Appellate Litigation*, New York City (*Jody Ratner* and *Robert S. Dean* of counsel), for respondent-appellant. I. The People's appeal should be dismissed because the Appellate Division's modification of the judgment was predicated upon factual determinations that were dispositive. (*People v Albro*, 52 NY2d 619; *People v Johnson*, 47 NY2d 124; *People v D'Alessandro*, 13 NY3d 216; *People v Giles*, 73 NY2d 666; *People v Washington*, 71 NY2d 916; *People v Butler*, 58 NY2d 1056; *People v Dercole*, 52 NY2d 956; *People v Laureano*, 87 NY2d 640; *People v Ramirez*, 89 NY2d 444; *People v Underwood*, 52 NY2d 882.) II. The order of the Appellate Division modifying the sentences to run concurrently should be affirmed since the People failed to establish that the charged crimes could be considered separate and distinct acts. (*People v Albro*, 52 NY2d 619; *People v Ramirez*, 89 NY2d 444; *People v Laureano*, 87 NY2d 640; *People v Underwood*, 52 NY2d 882; *People v Rosas*, 8 NY3d 493; *People v Day*, 73 NY2d 208; *Morgan v Devine*, 237 US 632; *People v Cahill*, 2 NY3d 14; *People v Gaines*, 74 NY2d 358; *People v Henderson*, 41 NY2d 233.) III. The People, as a matter of law, failed to prove by a preponderance of evidence that Mr. Frazier was competent to stand trial where a finding of unfitness was followed by an exceedingly short commitment to a mental health facility and Mr. Frazier continued to lack the capacity to cooperate in his defense. (*Medina v California*, 505

US 437; *Drope v Missouri*, 420 US 162; *People v Mendez*, 1 NY3d 15; *Dusky v United States*, 362 US 402; *Brown v Warden, Great Meadow Correctional Facility*, 682 F2d 348; *People v Cossentino*, 38 NY2d 760; *People v Christopher*, 65 NY2d 417; *United States v Quintieri*, 306 F3d 1217; *People v Gelikkaya*, 84 NY2d 456; *People v Jordan*, 35 NY2d 577.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The primary issue presented by these cross appeals is whether defendant is subject to consecutive sentences for the crimes of burglary in the second degree and grand larceny in the third degree. Since we find consecutive sentences are authorized, we modify and remit to the Appellate Division for further proceedings.

Defendant broke into two Upper East Side apartments—each located on the fifth floor of a five-story walk-up. The crimes occurred within weeks of each other, in June and July 2004, respectively. In each case, the door had been forced open, the apartment had been ransacked and several thousand dollars worth of personal property had been stolen. Defendant's fingerprints were found inside both apartments. After defendant was arrested, he failed to appear for a mandatory court date. He was taken into custody the following month in Pennsylvania and was returned to New York for trial.

In response to concerns raised by defense counsel about defendant's lack of communication and his competence to stand trial, the court ordered an emergency examination pursuant to CPL 730.10. Two experts examined defendant and issued reports finding him unfit to proceed based on his inability to assist in his defense. The court confirmed the finding of unfitness and defendant was committed to Mid-Hudson Psychiatric Center for treatment. He was returned as competent to stand trial after approximately two weeks.

Supreme Court conducted a competency hearing. The People introduced into evidence reports from four experts, including one of the doctors who had previously found defendant unfit, each concluding that defendant was now competent to proceed to trial. Two of the psychiatrists testified on behalf of the People that defendant understood the nature of the proceedings and the charges. The defense called their own expert psychologist who testified that defendant had a severe mental disorder and was unfit to stand trial due to his inability to communicate with

counsel. Supreme Court concluded that, although defendant suffered from depression, it did not prevent him from participating in his defense and that defendant was instead unwilling to communicate with his attorney. The court determined that the People had established defendant's competence by a preponderance of the evidence and found defendant fit to proceed.

After trial, defendant was convicted of three counts of burglary in the second degree, two counts of grand larceny in the third degree and one count of bail jumping. He was sentenced, as a persistent violent felony offender, to concurrent terms of 16 years to life for the burglary convictions to be served consecutive to concurrent terms of 2 to 4 years for the grand larceny convictions and consecutive to a term of 2 to 4 years on the bail jumping conviction.

The Appellate Division modified, on the law, by directing that the sentences for the larceny convictions be served concurrently with the sentences for the burglary convictions and, as so modified, affirmed. The Court determined that, since larceny was the only crime that satisfied the intent element of burglary, the acts making up each crime could not be viewed as separate and distinct (58 AD3d 468, 469 [1st Dept 2009]). The Court also found that the People had satisfied their burden to establish defendant's competence to stand trial by a preponderance of the evidence. Finally, the Court rejected defendant's claim that the sentencing procedure under which he was adjudicated a persistent violent felony offender was unconstitutional. A Judge of this Court granted the People leave to appeal and defendant leave to cross-appeal, and we now modify.

The Penal Law dictates that concurrent sentences are required "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). We have held that a court must first look to the statutory definitions of the crimes to "determine whether the *actus reus* element is, by definition, the same for both offenses . . . or if the *actus reus* for one offense is, by definition, a material element of the second offense" (*People v Laureano*, 87 NY2d 640, 643 [1996]). The actus reus of the crime is " '[t]he wrongful deed that comprises the physical components of a crime and that generally must be coupled with *mens rea* to establish criminal liability' " (*People v Rosas*, 8 NY3d 493, 496 n 2 [2007], quoting Black's Law Dictionary 39 [8th ed 2004]).

Consecutive sentences can still be imposed where there is some overlap in the elements of multiple statutory offenses if the People can demonstrate "that the 'acts or omissions' committed by defendant were separate and distinct acts" (*Laureano*, 87 NY2d at 643). However, when the actus reus is " 'a *single inseparable act*' " that violates more than one statute, single punishment must be imposed (*see People v Ramirez*, 89 NY2d 444, 453 [1996], quoting *People ex rel. Maurer v Jackson*, 2 NY2d 259, 264 [1957]).

Defendant was convicted of second-degree burglary, which is defined as knowingly entering or remaining unlawfully in a dwelling with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]). He was also convicted of grand larceny in the third degree for stealing property valued at over $3,000 (*see* Penal Law § 155.35 [1]). These statutes do not contain the same actus reus. The crime of burglary was completed when defendant entered each complainant's apartment with the intent to commit a crime. The ensuing larceny was a separate crime, perpetrated through defendant's separate act of stealing property (*see People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]).

Defendant emphasizes the finding below that larceny was the only crime that satisfied burglary's intent requirement and posits that consecutive sentences would punish him twice for the same conduct. However, "[t]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent" (*People v Day*, 73 NY2d 208, 212 [1989] [internal quotation marks and citation omitted]). As noted above, the crimes at issue here are separate offenses that were committed through separate acts. Nor is one offense a material element of the other for sentencing purposes, as larceny is not a necessary component of burglary (*see Day*, 73 NY2d at 211). Concurrent sentences, therefore, are not required and the Appellate Division should exercise its discretion as to whether consecutive sentences are appropriate under the facts of this case.

Defendant, on his cross appeal, argues that the People failed to demonstrate by a preponderance of the evidence that he was competent to stand trial. In order to be found competent, a defendant must be capable of understanding the nature of the proceedings at issue and be able to assist in providing a defense (*see* CPL 730.10 [1]; *People v Mendez*, 1 NY3d 15, 19 [2003]). Where the trial court's determination that defendant is mentally

fit to stand trial has been affirmed by the Appellate Division, our review is restricted to determining whether defendant was incompetent as a matter of law (*see Mendez*, 1 NY3d at 20).

 Here, four experts provided reports concluding that defendant was fit to proceed to trial. Although the defense expert found him unfit, even that expert agreed that defendant understood the nature of the charges against him and the potential penalties involved. Supreme Court concluded that defendant's lack of involvement and failure to communicate with his attorney was volitional because he preferred commitment to a secure psychiatric facility to incarceration. It appears somewhat unusual that defendant was returned as competent after spending only two weeks at Mid-Hudson Psychiatric Center following the prior finding of incompetence. However, that may have been the result of error in the initial determinations finding him unfit. This record affords no basis for finding defendant incompetent as a matter of law.

 Defendant's argument that the persistent violent felony offender sentencing scheme is unconstitutional fails under our line of precedent following *Almendarez-Torres v United States* (523 US 224 [1998]) (*see People v Bell*, 15 NY3d 935 [2010] [decided today]).

Accordingly, the order of the Appellate Division should be modified by remitting to that Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.