OPINION OF THE COURT
Seth L. Marvin, J.
By an indictment filed on November 9, 2007, the defendant Frank Bennet was charged with burglary in the second and third degrees, criminal trespass in the second degree, criminal impersonation in the first degree and false personation. On May 27, 2009, on motion of the People, the count charging second-degree burglary was dismissed. Then defendant pleaded guilty to third-degree burglary and first-degree criminal impersonation. On November 10, 2009, defendant was sentenced, as a second felony offender, as promised, to two consecutive terms of imprisonment of from 3V2 to 7 years for the burglary count and IV2 to 3 years for the criminal impersonation count. Defendant waived his right to appeal as part of the plea bargain.
Now, via a notice of motion filed in August 2010, defendant has moved, pro se, pursuant to CPL 440.20, to vacate the *943 two sentences on the ground that, pursuant to Penal Law § 70.25 (2), they were illegally ordered to run consecutively. The People filed an affirmation in opposition and memorandum of law on October 1, 2010 and an amended affirmation on or about October 15, 2010, and the defendant filed a reply, also in October. On December 20, 2010, the People filed their second amended affirmation in opposition. Defendant’s claim challenging the legality of the sentences survives his waiver of the right to appeal. (See People v Callahan, 80 NY2d 273, 280 [1992]; People v Rivera, 46 AD3d 291 [1st Dept 2007].)
Penal Law § 70.25 (2) states:
“When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently.”
Thus, sentences imposed for two or more offenses may not run consecutively where: (1) a single act constitutes two offenses, or (2) a single act constitutes one of the offenses and a material element of the other. (People v Frazier, 16 NY3d 36 [2010]; People v Laureano, 87 NY2d 640, 642 [1996]; People v Rodriguez, 79 AD3d 644 [1st Dept 2010].) In determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted and then determine whether the actus reus element is, by definition, the same for both offenses, or if the actus reus for one offense is, by definition, a material element of the second offense. (Frazier, 16 NY3d at 40; Laureano, 87 NY2d at 643.) “The actus reus of the crime is [t]he wrongful deed that comprises the physical components of a crime and that generally must be coupled with mens rea to establish criminal liability.” (Frazier, 16 NY3d at 40 [citation and internal quotation marks omitted].) “Consecutive sentences can still be imposed where there is some overlap in the elements of multiple statutory offenses if the People can demonstrate that the acts or omissions committed by defendant were separate and distinct acts.” (Frazier, 16 NY3d at 41 [internal quotation marks omitted]; Laureano, 87 NY2d at 643.) “[W]hen the actus reus is a single, inseparable act that violates more than one statute, however, single punishment must be imposed.” (Frazier, 16 NY3d at 41 [citation and internal quotation marks omitted].)
*944 Defendant asserts that, in the course of committing burglary, he committed the crime of criminal impersonation “when he pretended to be a police officer in an attempt to accomplish and successfully complete the act of Burglary.” (Defendant’s affidavit H 2.) Additionally, defendant contends that he committed the crime of criminal impersonation “when he acted with the intent to induce two off-duty corrections officers to submit to such pretended authority, in an attempt to successfully commit the crime of Burglary.” (Defendant’s affidavit 1i 3.)
When consecutive sentences are imposed, the People are obligated to establish their legality by identifying the facts which support their view. (Laureano, 87 NY2d at 642, 644.) The People may rely only on the facts alleged in the indictment and the facts adduced at the plea allocution. (Id.; People v Pena, 259 AD2d 394 [1st Dept 1999], lv denied 93 NY2d 1005 [1999].) Here, the People contend that concurrent sentences are not required because the crimes involved two separate and distinct acts. The People state that
“there is proof of a separate intent to enter the complainant’s home and steal property, thereby committing the crime of burglary in the third degree. Defendant committed the subsequent crime of impersonation of a police officer after he had completed the burglary and was attempting to escape the witnesses who had confronted him outside of the residence” (People’s first amended mem of law at 5).
The allegations in the indictment and defendant’s plea allocution, however, do not support the People’s contention that the crimes involved two separate and distinct acts. To the contrary, the fourth count of the indictment charging defendant with criminal impersonation in the first degree states
“[t]he defendant . . . did pretend to be a police officer . . . and acted with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon said pretense and in the course of such pretense committed or attempted to commit a felony, in that he was observed entering a dwelling without permission or authority to do so.”
During defendant’s plea allocution, he admitted that, without permission or authority, he entered into the dwelling with the intent to steal property and told one of the witnesses that he was a police officer and that she should not worry (People’s first amended mem of law; exhibit 2, plea minutes, at 8-9).
*945 A person commits burglary in the third degree “when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” (Penal Law § 140.20.)* Pursuant to Penal Law § 190.26 (l)-(2), a person is guilty of criminal impersonation in the first degree when he
“[p]retends to be a police officer ... or expresses by his . . . words or actions that he ... is acting with the approval or authority of any police department . . . and . . .
“[s]o acts with intent to induce another to submit to such pretended official authority or otherwise act in reliance upon said pretense and in the course of such pretense commits or attempts to commit a felony.”
Thus, the act of entering the dwelling unlawfully is, by definition, a material element of criminal impersonation in the first degree. Accordingly, the People have failed to establish that the act constituting criminal impersonation in the first degree was an act separate and distinct from that element of burglary in the third degree. Given the penal statutes and facts involved in this case, the imposition of consecutive sentences was illegal.
Although the guilty pleas before this court were not illegal, the sentences were, and a determination must be made as to the status of the case. Defendant argues that the sentences for burglary in the third degree and criminal impersonation in the first degree should be modified to run concurrently. The People, however, relying on Laureano, argue that the pleas of guilty should be vacated and the matter set down for trial. In Laureano (87 NY2d at 645), the Court of Appeals noted, in dicta, that
“[g]iven the penal statutes and facts involved in this case, the imposition of consecutive sentences for manslaughter and robbery was illegal. Because the People no longer request vacatur of defendant’s guilty pleas if we find the sentences illegal, we have no occasion to consider whether vacatur would be a proper remedy when defendant has agreed to the sentence as part of a plea bargain.”
It is well settled, however, that when a court has accepted a guilty plea and the defendant has begun to serve the resulting sentence, the court has no statutory or “inherent” authority to vacate the judgment at the People’s request, except in certain limited circumstances. (See People v Moquin, 77 NY2d 449, 451 *946 [1991]; Matter of Kisloff v Covington, 73 NY2d 445, 450-452 [1989]; Matter of Campbell v Pesce, 60 NY2d 165, 168-169 [1983].) For example, the trial court’s “inherent” authority may be used to vacate an illegally accepted plea before sentence is imposed (People v Bartley, 47 NY2d 965 [1979]), and, in the absence of a specific constitutional impediment, to vacate a judgment on grounds of fraud or misrepresentation (Matter of Lockett v Juviler, 65 NY2d 182, 186-187 [1985]). Additionally, although CPL 430.10 prohibits a court from altering a sentence once its term or period has commenced, the Court of Appeals has held that the court’s inherent power to correct its records in relation to mistakes or errors, which may be termed clerical, extends to correcting sentencing errors where the court merely misspoke or a patent clerical mistake has been made. (See Moquin, 77 NY2d at 452; People v Wright, 56 NY2d 613, 614 [1982]; People v Minaya, 54 NY2d 360, 364 [1981].)
In Matter of Kisloff, the Court of Appeals rejected the People’s post-judgment effort to vacate a plea that had been accepted at a time when all parties were laboring under the misimpression that the crime to which the defendant had pleaded was a class E felony when, in fact, it was a class A misdemeanor. As a result of the error, the defendant’s request to be resentenced as a class A misdemeanor had to be granted, and the People were deprived of the benefit of the plea bargain to which they had agreed. Similarly, in Matter of Campbell, the plea that the trial court accepted was one that had resulted from an unlawful reduction of the indictment charges in violation of the armed felony restrictions in CPL 180.50 (2) (b) (ii). Nonetheless, despite this substantive error, the Court of Appeals held that the trial court had no power to vacate the plea.
To support their argument that this court should vacate the defendant’s pleas, the People note that the “[defendant bargained for and received, through the People’s offer, pleas predicated on his receiving consecutive sentences. Defendant agreed to consecutive sentences being imposed as part and parcel of the agreement” (People’s first amended mem of law at 6). Despite that defendant’s pleas were predicated on him receiving consecutive sentences, the Court of Appeals in Moquin (77 NY2d at 454-455) noted:
“Characterizing a plea as conditional or contingent ... is merely another way of saying that the plea is subject to vacatur upon the occurrence of a condition subsequent, namely a subsequently made de *947 termination that its acceptance was, in part, the product of a legal error. We have already held that, once the sentence has been imposed and the defendant has begun to serve it, a guilty plea is final and not subject to defeasance upon a trial court’s determination of prior legal error made on a postjudgment motion by the People.”
Moreover, when the principles in Matter of Kisloff and Matter of Campbell are applied to the facts in this case, it becomes apparent that this court has no statutory or inherent authority to vacate the defendant’s pleas. The claimed error here was not a mere clerical matter and the judgment was not obtained by fraud or misrepresentation. Accordingly, because this court has no statutory or inherent authority to vacate the defendant’s pleas, defendant’s sentences should be modified to run concurrently. Lastly, since the criminal proceeding had ultimately terminated in a final judgment against defendant, the Double Jeopardy Clause of the United States Constitution precludes the revival of the accusatory instrument and prohibits the defendant’s reprosecution. (See Moquin, 77 NY2d at 455; Matter of Kisloff, 73 NY2d at 452; Matter of Campbell, 60 NY2d at 169.)

Building is, in turn, defined in Penal Law § 140.00 (2).