■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FRAZIER, Appellant. [923 NYS2d 535]—

Upon remittitur from the Court of Appeals (16 NY3d 36 [2010]), judgment, Supreme Court, New York County (Rena K. Uviller, J., at competency hearing; Charles J. Tejada, J., at jury trial and sentencing), rendered April 10, 2008, convicting defendant of burglary in the second degree (three counts), grand larceny in the third degree (two counts) and bail jumping in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life for the burglary convictions, consecutive to concurrent terms of 2 to 4 years for the larceny convictions and consecutive to a term of 2 to 4 years for the bail jumping conviction, unanimously affirmed.

When this case was originally before us, defendant argued, inter alia, that the trial court erred in running his sentences for the burglary convictions consecutively with the sentences for the larceny convictions. Alternatively, defendant argued that the trial court's imposition of consecutive sentences for the burglary and larceny convictions was excessive. We held that the trial court erred as a matter of law in imposing consecutive sentences and modified the judgment to the extent of directing that the sentences for the larceny convictions be served concurrently with the sentences for the burglary convictions (58 AD3d 468 [2009]). The Court of Appeals disagreed (16 NY3d 36 [2010]); it held that consecutive sentences are authorized and remitted the matter to this Court for us to address the issue raised but not resolved on the prior appeal, namely, whether the trial court's imposition of consecutive sentences for the burglary and larceny convictions was appropriate under the facts of this case (16 NY3d at 41).

We find no reason to disturb defendant's sentence. The sentencing court actually imposed a rather lenient sentence by not running the two burglary sentences consecutively, which it could have done, given that the burglary of one apartment was an entirely separate crime from the burglary of another apartment. Moreover, given defendant's extremely extensive criminal history, it cannot be said that the sentence was excessive. Concur—Andrias, J.P., Moskowitz, Renwick and Freedman, JJ.