People v Gomez (2018 NY Slip Op 04599)





People v Gomez


2018 NY Slip Op 04599


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

107900

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PETER GOMEZ, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered September 4, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.
A search of defendant's vehicle pursuant to a search warrant resulted in the recovery of an approximately two-pound brick of cocaine. As a result, defendant was indicted for criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the first degree and operating as a major trafficker. In full satisfaction of the charges, defendant pleaded guilty to criminal sale of a controlled substance in the second degree and waived his right to appeal. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant, as a second felony offender, to a prison term of 12 years followed by five years of postrelease supervision. Defendant appeals.
Defendant's challenge to the voluntariness of his guilty plea is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite the opportunity to do so prior to the imposition of his sentence (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 214 [2016]; People v Conceicao, 26 NY3d 375, 381 [2015]; People v Young, 158 AD3d 955, 956 [2018], lv denied ___ NY3d ___ [May 24, 2018]). Further, [*2]defendant made no statements during the plea colloquy to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Stover, 123 AD3d 1232, 1232 [2014], lv denied 26 NY3d 936 [2015]).
We agree with defendant's contention that his appeal waiver is invalid. The record does not establish that defendant understood the nature of the waiver or that the right to appeal is separate and distinct from other rights that are automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]). Although defendant is, thus, not precluded from raising his other arguments, they lack merit.
Supreme Court properly denied suppression of defendant's statement because it was spontaneous and not elicited by police interrogation (see People v Wilhelm, 34 AD3d 40, 53 [2006]; People v Taylor, 1 AD3d 623, 624 [2003], lv denied 1 NY3d 602 [2004]). The court also properly denied suppression of the cocaine seized from his car. The police were able to incorporate by reference the prior search warrant application into the subsequent application, considering that the earlier information was given under oath to the same judge, who had a copy available to him and it was fresh in his memory, having been submitted only four days earlier (see People v Cahill, 2 NY3d 14, 41-42 [2003]; People v Tambe, 71 NY2d 492, 502 [1988]; People v Hawley, 192 AD2d 742, 743 [1993], lv denied 82 NY2d 896 [1993]). The court properly determined that the warrant applications, read together, established the confidential informant's reliability and basis of knowledge. The informant had previously provided information that police had substantiated in another investigation, and the information in this case was based on the informant's direct contact with defendant through text messages, which the authoring police officer had seen (see People v Mabeus, 63 AD3d 1447, 1450-1452 [2009]). Given defendant's criminal history, the serious nature of the crime and the fact that he agreed to the sentence as part of his plea bargain, we do not find that his sentence is harsh or excessive.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.